ERNEST A. SHAW v. LaNOTTE, INC. AND THE NETHERLANDS INSURANCE COMPANY

No. 8821SC365

(Filed 6 December 1988)

Judgments § 35.1— agreement to purchase restaurant assets—prior suit for three payments in default—present suit for balance—issues different—no res judicata

  Where a prior suit between the parties involved only adjudication of whether plaintiff was in default for three payments under an agreement to purchase assets of a restaurant, and this suit addressed the issue of whether plaintiff had paid the total amount which he agreed to pay, issues in the two actions were not the same, and res judicata therefore did not preclude defendant's counterclaim to collect the balance which plaintiff admitted was left owing under the agreement.

APPEAL by plaintiff from *Walker (Ralph A.), Judge*. Judgment entered 14 December 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 5 October 1988.

*David F. Tamer and Nifong, Ferguson & Sinal, by Paul A. Sinal, for plaintiff-appellant.*

*Richard D. Ramsey for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from a judgment of the superior court ordering him to pay defendant the sum of $10,500 plus interest, the balance due under an asset purchase agreement executed by the parties regarding restaurant equipment.

On or about 4 September 1984, plaintiff Ernest A. Shaw (hereinafter "Shaw"), entered into an asset purchase agreement, security agreement, and deed of trust with defendant LaNotte, Inc., wherein he agreed to purchase the assets and restaurant equipment of defendant's business for the sum of $20,500 plus interest of twelve percent per annum. Under the terms of the transaction, the sum of $500 was to be paid on or before the date of closing and the balance of $20,000 was to be paid in seventeen equal monthly installments of $500 which were to be applied first to the payment of interest on the outstanding balance and then to the principal. The remaining balance of principal and interest was due in a balloon payment on or before 4 March 1986. The first payment was due on 4 October 1984. In the event of default, LaNotte, Inc. had the option to demand the entire balance of principal and accumulated interest be paid in full immediately.

Prior to the filing of the complaint herein, the parties were involved in litigation arising out of the same asset purchase agreement, security agreement, and deed of trust. LaNotte, Inc. filed the prior lawsuit on 9 September 1985 alleging that Ernest A. Shaw was in default by failing to make monthly installments for the months of June, July, and August 1985. Based on the alleged default, LaNotte, Inc. sought to accelerate the entire balance due under the agreement. Pursuant to the security agreement, LaNotte, Inc. sought and obtained an Order of Claim and Delivery for the restaurant equipment involved. LaNotte, Inc. filed an amended complaint on 15 October 1985 setting forth two additional claims for relief pertaining to a promissory note executed in connection with the asset purchase agreement and an alleged lease assumption by Shaw.

Upon the trial of the prior lawsuit, Shaw was granted a directed verdict at the close of LaNotte's evidence and the action was dismissed with prejudice by an order of 22 September 1986. The order further provided that "plaintiff take nothing from the defendant."

Shaw thereafter filed this action against LaNotte, Inc. and its surety, the Netherlands Insurance Company for damages incurred as a result of the alleged wrongful seizure and detention of the restaurant equipment made pursuant to the aforementioned Order of Claim and Delivery. Defendant LaNotte, Inc. answered, denied the allegations and filed a counterclaim wherein it sought to recover $10,500, the balance due and owing since 4 March 1986 under the terms of the asset purchase agreement. Plaintiff's reply denied the allegations of the counterclaim and set forth as an affirmative defense a plea of *res judicata* based upon the actions of the prior civil suit.

The plaintiff voluntarily dismissed his complaint with prejudice on 2 December 1987, thereby resolving all the claims contained in the complaint. Defendant made a motion for summary judgment on its counterclaim which came on for hearing on 11 December 1987. Plaintiff agreed to and admitted the following factual stipulations for purposes of evidence at the summary judgment hearing:

1. That the voluntary dismissal with prejudice taken by the plaintiff on December 2, 1987, was with respect to any and all claims alleged by plaintiff in his Complaint.

2. That the restaurant equipment referred to in this action had been returned to the plaintiff Shaw on or about January 5, 1987.

3. That on or about September 4, 1984, plaintiff, Ernest A. Shaw executed the Asset Purchase Agreement and Security [a]greement in favor of the defendant Lanotte, Inc. whereby the plaintiff Shaw purchased from Lanotte, Inc. the assets and restaurant equipment which is the subject of this lawsuit.

4. That the purchase price pursuant to the Asset Purchase Agreement and Security Agreement was a total sum of $20,500.00 together with interest thereon at the rate of 12%,

and that the full purchase price of $20,500.00 was to be paid on or before March 4, 1986, according to the aforesaid Agreements.

5. That the plaintiff Ernest A. Shaw has paid to defendant Lanotte, Inc., the total sum of $10,000.00 under the aforesaid Asset Purchase Agreement and Security Agreement as of the date of the Summary Judgment hearing on December 11, 1987, and said total payments of $10,000.00 under the aforesaid agreements were made by the plaintiff Shaw to the defendant Lanotte, prior to March 4, 1986.

6. That the plaintiff Shaw paid no further sums under the aforesaid agreements other than the $10,000.00 referred to above, and has made no payments under said agreements since March 4, 1986.

After considering the evidence offered by the parties, including the stipulations, and arguments of counsel, the trial court granted summary judgment in favor of the defendant on its counterclaim and plaintiff appeals.

---

The sole issue presented for review is whether the doctrine of *res judicata* applies to this case so as to preclude summary judgment for the defendant on his counterclaim.

Plaintiff's sole defense to defendant's counterclaim is a plea of *res judicata*. Shaw contends that resolution of the prior lawsuit in his favor in which LaNotte, Inc. sued for default and acceleration of the entire balance due bars LaNotte's counterclaim in this case. We disagree.

The plea of *res judicata* may be maintained only where there has been "a prior adjudication on the merits of an action involving the same parties and issues as the action in which the defense of *res judicata* is asserted." *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 712, 306 S.E. 2d 513, 515 (1983). It is undisputed that the parties involved in this action are the same as those involved in the prior lawsuit. Likewise, it is undisputed that the prior action which was dismissed with prejudice was adjudicated upon the merits. *See* N.C.G.S. Sec. 1A-1, Rule 41(b) (1983) (a dismissal operates as an adjudication upon the merits unless the court otherwise specifies or if the dismissal was for "lack of jurisdiction, for

improper venue, or for failure to join a necessary party"); *see also Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E. 2d 203, 205 (1974) (a dismissal with prejudice precludes subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication). Whether or not *res judicata* applies to this case turns on the question of whether the same issues involved in the prior action are involved herein.

Although in the prior action LaNotte, Inc. sought to accelerate the entire sum due under the asset purchase agreement, the issue was whether plaintiff was in default for three particular installment payments. Under the terms of the deed of trust executed simultaneously with the agreement, acceleration of the entire amount due would occur only at the option of LaNotte, Inc. "in the case of non-payment of any installments of principal or of interest thereon, when due as provided, or of default in the performance of any of the agreements or conditions of the Deed of Trust." A similar provision was included in the security agreement. *See generally Crockett v. First Fed. Sav. & Loan Ass'n*, 289 N.C. 620, 625, 224 S.E. 2d 580, 584 (1976) (North Carolina has approved the use of an acceleration clause in a mortgage, a note secured by a mortgage, and an unsecured note); *see also* 69 Am. Jur. 2d, Secured Transactions, Sec. 322, p. 157-58 (under the Uniform Commercial Code, a security agreement may contain a provision accelerating the indebtedness upon the happening of an event of default). As it was determined that Shaw was not in default for the three payments, LaNotte, Inc. had no right to accelerate the full indebtedness. Therefore, as the issue involved in the prior action was not whether Shaw had defaulted on the entire amount due under the agreement but whether he had defaulted on three particular payments, acceleration of the entire debt was never an issue in the first case.

LaNotte's counterclaim herein involves the issue of whether Shaw paid the total amount due under the asset purchase agreement by the date required. Shaw stipulated to the fact that "the full purchase price of $20,500 was to be paid on or before March 4, 1986 . . . ." Shaw further stipulated he has paid LaNotte, Inc. the total sum of $10,000 as of 4 March 1986 and has made no further payments since that time. Despite these stipulations, Shaw asserts he does not owe the balance of the purchase price because he was found not in default for three monthly installments by rea-

son of the prior suit. As the prior suit only involved adjudication of whether Shaw was in default for three payments and this suit addresses the issue of whether Shaw has paid the total amount that he agreed to pay, less payments made, we conclude the issues are not the same. Therefore, *res judicata* does not preclude LaNotte's counterclaim to collect the balance Shaw admits is left owing under the agreement as of 4 March 1986.

Accordingly, the judgment of the trial court is

Affirmed.

Judges ORR and SMITH concur.