CENTURA BANK, Plaintiff v. JESSICA HAWKINS WINTERS and ROBERT RONALD FULLER, Defendants

No. COA02-1388

(Filed 5 August 2003)

**1. Civil Procedure— two dismissal provision of Rule 41(a)(1)—different transactions**

The trial court did not err by granting summary judgment in favor of plaintiff bank as to claims against defendant resulting from the breach of an automobile lease agreement even though defendant contends plaintiff's present action was barred by the two dismissal provision under N.C.G.S. § 1A-1, Rule 41(a)(1), because although plaintiff's prior lawsuits arose from breaches of the same lease agreement, each lawsuit in the present case was based on a default with respect to a separate set of payments thus involving different transactions.

**2. Appeal and Error— preservation of issues—failure to raise at trial court**

Although defendant contends the trial court erred by granting summary judgment in favor of plaintiff bank as to claims against defendant resulting from the breach of a lease agreement because plaintiff failed to prove damages as a matter of law, this issue is overruled because: (1) defendant did not raise this issue before the trial court; and (2) defendant is not permitted on appeal to advance new theories or raise new issues.

Appeal by defendant Robert Ronald Fuller from judgment entered 28 January 2002 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 June 2003.

*Fields & Cooper, P.L.L.C., by Elizabeth H. Fairman and John S. Williford, Jr., for plaintiff-appellee.*

*Billie Ray Ellerbe for defendant-appellant Robert Ronald Fuller.*

HUNTER, Judge.

Robert Ronald Fuller ("defendant Fuller") appeals from the trial court's grant of summary judgment in favor of Centura Bank ("plaintiff") as to its claim against him for damages resulting from the breach of a lease agreement. We affirm for the reasons stated herein.

On 28 June 1995, defendant Fuller and Jessica Hawkins Winters ("defendant Winters") (collectively "defendants") entered into an agreement with plaintiff to lease a 1995 Lexus automobile. Pursuant to the terms of the lease agreement, defendants were required to pay monthly installments of $625.99 per month for forty-eight months. Beginning in January of 1996, defendants failed to make payments in accordance with the lease agreement. On 5 March 1997, plaintiff filed a civil action (97-CVD-3326) to recover the balance due under the lease, plus interest, attorney's fees, and other related costs which totaled $13,572.74. On 10 March 1997, plaintiff and defendants entered into an agreement whereby defendants agreed to cure the default and make payments on the lease. Defendants paid $3,050.00 towards the arrearage owed under the lease agreement. On 30 June 1997, plaintiff filed a voluntary dismissal without prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41 (2001) ("Rule 41").

Shortly after the first action was dismissed, defendants defaulted again on the lease. Plaintiff initiated a second action (97-CvS-14787)

against defendants on 13 November 1997 seeking the balance due under the lease, which totaled $35,513.49. On 2 March 1998, plaintiff dismissed the second civil action without prejudice pursuant to Rule 41.

On 13 April 2000, plaintiff filed a third civil action (00-CvS-5673) seeking $13,548.05, the remaining balance due under the lease. Prior to filing this action, plaintiff repossessed the vehicle and sold it for $17,115.00. On 11 October 2000, defendant Fuller filed a response which contained an answer to plaintiff's complaint as well as a cross-claim against defendant Winters. Defendant Winters never filed a response to plaintiff's complaint or to defendant Fuller's cross-claim.

On 17 December 2001, plaintiff moved for summary judgment on the grounds that there was no genuine issue of material fact as to the remaining balance due under the lease. In support of its motion, plaintiff submitted the affidavits of a bank employee, Dave Thompson, and a bank attorney, Elizabeth Fairman. Mr. Thompson's affidavit set forth defendants' payment history, as well as the repossession and sale of the vehicle. Ms. Fairman's affidavit set forth facts regarding plaintiff's attorney's fees. On 18 January 2002, defendant Fuller filed a response to plaintiff's motion for summary judgment asserting that plaintiff had previously filed two voluntary dismissals and was barred from filing a third civil action pursuant to the provisions of Rule 41(a)(1). Based on this evidence, the trial court awarded summary judgment in favor of plaintiff in the amount of $13,548.05, plus interest, costs and attorney's fees. Defendant Fuller appeals the trial court's grant of summary judgment. Defendant Winters did not appeal.

Rule 41(a) permits a plaintiff to dismiss, without prejudice, any claim without an order of the court by filing a notice of dismissal at any time before resting his case, and to file a new action based upon the same claim within one year after the dismissal. The rule also provides, however, "that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed . . . an action based on or including the same claim." *Id.* This provision is commonly referred to as the "two dismissal" rule. The question raised by this appeal is whether plaintiff has twice dismissed claims "based on or including the same claim" so as to be barred by Rule 41(a)(1) from maintaining the present action.

I.

[1] There are two elements of the "two dismissal" provision of Rule 41(a)(1). First, the plaintiff must have filed notices to dismiss under Rule 41(a)(1) (since this Court has held that the two dismissal rule does not apply where plaintiff's dismissal is by stipulation or by order of court, *Parrish v. Uzzell*, 41 N.C. App. 479, 483, 255 S.E.2d 219, 221 (1979)). Here, the record indicates plaintiff filed a notice of dismissal without prejudice in the first action (97-CVD-3326), and in the second action (97-CvS-14787). Plaintiff's dismissals, therefore, were obtained by plaintiff filing notice of dismissal per Rule 41(a)(1) and were not by stipulation of court.

The second element of the "two dismissal" rule provides that the second suit must have been " 'based on or including the same claim' " as the first suit. *City of Raleigh v. College Campus Apartments, Inc.*, 94 N.C. App. 280, 282, 380 S.E.2d 163, 165 (1989). With respect to this requirement, defendant Fuller contends plaintiff's second dismissal operated as an adjudication upon the merits because these actions were based on or included the same claim. Defendant asserts the previous lawsuits were almost identical in their allegations toward defendants since both lawsuits stemmed from the 28 June 1995 lease, both included the same parties, and both sought relief for defendants' breach of the lease agreement. Although we note the similarities between the two previous lawsuits filed by plaintiff, we disagree with defendant Fuller's assertion that the suits were based on or included the same claim.

In determining whether a second action involves the same claim as an earlier action, we look to whether the second action was based upon the same transaction or occurrence as the first action. *Richardson v. McCracken Enterprises*, 126 N.C. App. 506, 509, 485 S.E.2d 844, 846 (1997). Where payments arising from a contract are at issue, this Court has previously recognized that more than one claim may arise from a single contract and that a dismissal with prejudice of a suit based on a default with respect to some payments does not bar future claims with respect to subsequent payments. *See Shaw v. LaNotte, Inc.*, 92 N.C. App. 198, 202, 373 S.E.2d 882, 884-85 (1988).

Each lawsuit in the present case was based on a default with respect to a separate set of payments. Plaintiff's first civil action alleged defendants were in default for approximately four rental pay-

ments totaling $3,714.51. The complaint sought judgment in the amount of $13,572.00. Plaintiff then voluntarily dismissed the complaint after defendants agreed to cure the default by paying plaintiff $3,050.00 towards the arrearage. After the dispute regarding the previous payments was settled, plaintiff resumed the lease agreement with defendants. Subsequently, defendants defaulted again on the lease after which plaintiff filed a second action that sought a judgment in the amount of $35,513.49. Although plaintiff's prior lawsuits arose from breaches of the same lease agreement, both suits were based on separate defaults. Thus, the prior suits involved claims which were based upon different transactions. Therefore, the trial court correctly determined that the two previously dismissed actions were not based on and did not include the same claim and that the present action is not barred by the provisions of Rule 41(a)(1).

II.

**[2]** Defendant Fuller also contends the trial court erred in granting plaintiff's motion for summary judgment because plaintiff failed to prove damages as a matter of law. Specifically, he argues a genuine issue of material fact exists as to whether the sale of the vehicle was conducted in a commercially reasonable manner. However, we note that defendant Fuller did not raise this issue before the trial court. As an appellate tribunal, we may only consider the pleadings and other filings that were before the trial court when reviewing a motion for summary judgment. *Hoisington v. ZT-Winston-Salem Assocs.*, 133 N.C. App. 485, 490, 516 S.E.2d 176, 180 (1999). Defendant Fuller is not permitted on appeal to advance new theories or raise new issues in support of his opposition to the motion. *Baker v. Rushing*, 104 N.C. App. 240, 246, 409 S.E.2d 108, 111 (1991). Accordingly, we hold the trial court did not err in granting summary judgment in favor of plaintiff.

Affirmed.

Judges TIMMONS-GOODSON and ELMORE concur.