CALABRIA, Judge.
*249 FV-I, Inc. ("FV-I"), in trust for Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley"), and substitute trustee Rogers Townsend & Thomas, PC ("RTT") (collectively with Morgan Stanley and FV-I, "petitioners"), appeal from an order granting Julia Weskett Beasley's ("Mrs. Beasley") motion to dismiss, with prejudice, FV-I's foreclosure proceeding against her. We reverse.
On 12 February 2007, Mrs. Beasley executed a promissory note ("the note") in favor of Equity Services, Inc. in the original principal amount of one million dollars ($1,000,000). The purpose of the note was to finance the purchase of 109 Knollwood Drive located in the Pine Knoll Shores subdivision of Atlantic Beach, North Carolina ("the property"). The note was secured by a Deed of Trust recorded on 16 February 2007 in Book 1211 at Page 169 in the Carteret County Public Registry ("the deed of trust").
On 15 June 2011, Philip A. Glass ("Mr. Glass"), acting as substitute trustee for FV-I, the holder of the note, filed a Notice of Foreclosure Hearing ("first notice") alleging that Mrs. Beasley had defaulted for failing to make timely payments on the note. According to the first notice, FV-I intended to accelerate payment of the entire amount due on the note and deed of trust; however, Mrs. Beasley could cure the default and prevent the foreclosure by paying the past due indebtedness plus attorneys' fees and actual costs incurred if FV-I agreed to let her do so. On 17 January 2012, Mr. Glass filed a notice of voluntary dismissal in the foreclosure proceedings.
On 4 April 2013, RTT, a new substitute trustee, filed a second Notice of Foreclosure Hearing ("second notice") alleging that Mrs. Beasley was still in default on the note and stating that FV-I had accelerated the maturity of the debt. The second notice also stated Mrs. Beasley could cure her default and reinstate the loan obligation if the deed of trust provided her such a right. Mrs. Beasley's total debt of $1,208,025.18 included the amount of principal and interest $1,151,427.01 plus the amount of other *250 fees, expenses, or disbursements. On 26 April 2013, Mrs. Beasley filed a motion to dismiss, alleging, inter alia, that RTT failed to refile the action within one year in accordance with Rule 41(a) of the North Carolina Rules of Civil Procedure (" Rule 41").
On 10 July 2013, the day before the scheduled foreclosure hearing, RTT filed a second voluntary dismissal without prejudice. On 11 July 2013, the matter was heard before the Carteret County Clerk of Court ("the Clerk of Court"). The Clerk of Court subsequently entered a 16 July 2013 order which found, inter alia, that the second voluntary dismissal operated as an adjudication on the merits of the case pursuant to Rule 41(a). As a result, the Clerk granted Mrs. Beasley's motion to dismiss with prejudice.
Petitioners appealed to Superior Court. After conducting a hearing de novo, the Superior Court found that, because the new foreclosure by power of sale action was filed more than one year after the first voluntary dismissal, Rule 41(a) barred the claim. The Superior Court also concluded that the second voluntary dismissal operated as an adjudication on the merits pursuant to Rule 41(a). The court then struck the notice of voluntary dismissal and granted Mrs. Beasley's motion to dismiss the action with prejudice. Petitioners appeal.
On appeal, petitioners argue (1) that the Superior Court erred because it lacked jurisdiction to dismiss the matter, and (2) that the Superior Court's order was erroneous to the *103 extent that it precluded further appropriate foreclosure proceedings.
As an initial matter, we address petitioners' contention that non-judicial foreclosures are not subject to Rule 41. This Court has previously held that "[a] foreclosure under power of sale is a type of special proceeding, to which our Rules of Civil Procedure apply." Lifestore Bank v. Mingo Tribal Pres. Trust, --- N.C.App. ----, ----, 763 S.E.2d 6, 9 (2014), disc. review denied, - -- N.C. ----, 771 S.E.2d 306 (2015). Therefore, Rule 41 applies in the instant case.
Petitioners next argue that the Superior Court erred because it lacked jurisdiction and misapplied the law. Specifically, petitioners contend that because they filed a notice of dismissal on 10 July 2013, both the Clerk of Court and the Superior Court lacked jurisdiction to grant Mrs. Beasley's motion to dismiss. Petitioners also argue that even if the Superior Court had jurisdiction to enter the dismissal order, the court's conclusion that petitioners' second voluntary dismissal operated as an adjudication on the merits was erroneous to the extent that it prevents them from bringing a third foreclosure action. We agree.
*251 Our standard of review regarding whether the Superior Court had subject matter jurisdiction to decide the matter is de novo. In re Foreclosure of Young, --- N.C.App. ----, ----, 744 S.E.2d 476, 479 (2013).
In this instance, a proper examination of both Rule 41(a) and the relevant Statute of Limitations is necessary to determine whether petitioners were required to file their second foreclosure by power of sale action within one year after dismissing the first action.
Rule 41(a) "permits a plaintiff to dismiss, without prejudice, any claim without an order of the court by filing a notice of dismissal at any time before resting his case, and to file a new action based upon the same claim within one year after the dismissal." Richardson v. McCracken Enters., 126 N.C.App. 506, 508, 485 S.E.2d 844, 845 (1997). With respect to Rule 41(a), the additional year to refile is often known as the "savings provision." The extra time granted
is an extension of time beyond the general statute of limitation rather than a restriction upon the general statute of limitation. In other words, a party always has the time limit prescribed by the general statute of limitation and in addition thereto they get the one year provided in Rule 41(a)(1). But Rule 41(a)(1) shall not be used to limit the time to one year if the general statute of limitation has not expired.
Whitehurst v. Virginia Dare Transp. Co., 19 N.C.App. 352, 356, 198 S.E.2d 741, 743 (1973) (emphasis added). Accordingly, petitioners could refile their action at any time until the expiration of the applicable statute of limitations. N.C. Gen.Stat. § 1-47 (2013) sets a ten-year statute of limitations during which time a foreclosure action may be commenced. Since the note and deed of trust at issue came into existence in 2007, petitioners' actions were timely filed, and the effect of the second voluntary dismissal was such that any subsequent orders entered by the Clerk or by the Superior Court were without legal effect. See Carter v. Clowers, 102 N.C.App. 247, 252, 401 S.E.2d 662, 664 (1991) ("After the dismissal, there is no longer a pending action, and therefore no further proceedings are proper.") (citations omitted); Hopkins v. Hopkins, 8 N.C.App. 162, 169, 174 S.E.2d 103, 108 (1970) ("When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, [i].e., as if it had never happened.") (citations omitted).
Even though the orders entered after petitioners' second voluntary dismissal were void, we still must determine the effect of that dismissal. Rule 41(a) provides that "a notice of dismissal operates as an *252 adjudication upon the merits when filed by a plaintiff who has once dismissed ... an action based on or including the same claim." N.C. Gen.Stat. § 1A-1, Rule 41(a)(1). This provision is commonly referred to as the "two dismissal" rule[1] . According to Rule 41(a)'s two dismissal *104 rule, "a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action ... operate[s] as an adjudication on the merits and bar[s] a third action based upon the same set of facts." Richardson, 126 N.C.App. at 509, 485 S.E.2d at 846. In order to determine whether a second action was based upon the same transaction or occurrence as a first action, we examine whether the claims in both actions were "based upon the same core of operative facts" and whether "all of the claims could have been asserted in the same cause of action." Id. at 509, 485 S.E.2d at 846-47.
Here, petitioners twice voluntarily dismissed foreclosure by power of sale actions against Mrs. Beasley and they filed both notices of dismissal prior to resting their case. In addition, FV-I sought to accelerate Mrs. Beasley's debt in both actions. Therefore, we must decide whether FV-I's decision to accelerate the debt placed the entire balance of the note at issue and eliminated any factual distinctions between the two actions. If it did, the second action was based upon the same transaction or occurrence as the first one, and Rule 41 as well as the principles of res judicata will bar petitioners from bringing a third foreclosure by power of sale action on the same note. The dispositive issue, as we see it, is whether or not each failure to make a payment by a borrower under the terms of a promissory note and deed of trust constitutes a separate default, or separate period of default, such that any successive acceleration and foreclosure actions on the same note and deed of trust involve claims based upon different transactions or occurrences, thus exempting them from the two dismissal rule contained in Rule 41(a). Neither this Court nor our Supreme Court have addressed this precise issue, but relevant case law exists to resolve it in this case.
Recently, in Lifestore Bank, this Court considered the application of Rule 41(a)'s two dismissal rule in the context of foreclosure actions. There, after the borrowers defaulted on two promissory notes, the lender filed two actions for foreclosure by power of sale. Lifestore Bank, --- N.C.App. at ----, 763 S.E.2d at 8. In each action, the lender twice entered voluntary dismissals. Id. However, the lender filed a third *253 action seeking money judgments on both notes and judicial foreclosure on both of deeds of trust that secured them. Id. On appeal, the pertinent issue was whether Rule 41 barred the lender's claims for money judgments and judicial foreclosure. Id. at ----, 763 S.E.2d at 9. This Court held that, because an action for foreclosure by power of sale is a special proceeding, limited in jurisdiction and scope, the lender's money judgment and judicial foreclosure claims-though based upon the same core of operative facts-could not have been brought in the previously dismissed actions and, thus, were not barred by Rule 41(a)'s two dismissal rule. Id. at ----, 763 S.E.2d at 11-13. In reaching its conclusion, the Lifestore Bank Court anticipated that Rule 41(a) would have barred any subsequent action by the lender for foreclosure by power of sale:
[The lender] pursued two foreclosures by power of sale under N.C.G.S. § 45-21.16(a).... [The lender] subsequently took voluntary dismissals of each foreclosure by power of sale action. As such, the "two dismissal rule" of Rule 41 applies here for, by taking two sets of voluntary dismissals as to its claims for foreclosure by power of sale, the second set of voluntary dismissals is an adjudication on the merits which bars [the lender] from undertaking a third foreclosure by power of sale action pursuant to N.C.G.S. § 45-21.16(a).
However, in the instant matter [the lender] has now filed a complaint seeking, in addition to money judgments, judicial foreclosure against [the borrowers].
Id. at ----, 763 S.E.2d at 12.
While the Court did not squarely address the issue presented in this case, the language quoted above suggests that successive foreclosure by power of sale actions on the same notes generally involve the same facts and, thus, constitute the same claims for purposes of the two dismissal rule analysis. Nevertheless, we find that Lifestore Bank is easily distinguished from the instant case. Indeed, *105 the Lifestore Bank Court did not reveal the alleged dates or periods of default relevant to the lenders' foreclosure by sale actions, and there was no mention that the debts were accelerated. Nor did the Court address the question whether each failure to make a payment by a borrower under the terms of a note secured by a deed of trust constitutes a separate default. As noted above, there are no North Carolina appellate decisions that have directly answered this question, but the Supreme Court of Florida has, and we find that Court's reasoning persuasive. *254 In Singleton v. Greymar Assocs., 882 So.2d 1004, 1005 (Fla.2004), the lender filed a foreclosure action alleging default based on the borrower's failure to make payments due from September 1999 through February 2000, which was dismissed with prejudice. The lender then filed a subsequent foreclosure action alleging default of mortgage payments from April 2000, onward. Id. at 1005. Both foreclosure actions sought to accelerate the entire indebtedness against the borrowers. Id., n. 1. The trial court rejected the borrower's argument that the prior dismissal barred relief in the second action and granted summary judgment in favor of the lender. Id. at 1005. On appeal, Florida's Fourth District Court of Appeals agreed and held that "[e]ven though an earlier foreclosure action filed by [the lender] was dismissed with prejudice, the application of res judicata does not bar this lawsuit.... The second action involved a new and different breach." Singleton v. Greymar Assocs., 840 So.2d 356, 356 (Fla.Dist.Ct.App.2003). Florida's Supreme Court granted the lender's petition for review, Singleton, 882 So.2d at 1006, as the holding conflicted with the decision of Florida's Second Circuit Court of Appeals in Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468 (Fla.Dist.Ct.App.1963) (holding that res judicata barred a second foreclosure action that was identical to the first action other than the period of defaults alleged were different-the acceleration of payments in the first action put the entire balance of the loan at issue at that time and, thus, the second action was identical to the first).
Florida's Supreme Court rejected Stadler 's "stricter and more technical view of mortgage acceleration elections" and agreed with the Fourth District Court "that when a second and separate action for foreclosure is sought for a default that involves a separate period of default from the one alleged in the first action, the case is not necessarily barred by res judicata." Singleton, 882 So.2d at 1006. In reaching this conclusion, the Singleton Court reasoned as follows:
While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue.... For example, a [borrower] may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the [lender] had waived reliance on the defaults. In those instances, the [borrower] and [lender] are simply placed back in the same contractual relationship with the same continuing *255 obligations. Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the [borrower] ignores her obligations on the mortgage and a valid default can be proven.
This seeming variance from the traditional law of res judicata rests upon a recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship....
We must also remember that foreclosure is an equitable remedy and there may be some tension between a court's authority to adjudicate the equities and the legal doctrine of res judicata. The ends of justice require that the doctrine of res judicata not be applied so strictly so as to prevent [lenders] from being able to challenge multiple defaults on a mortgage....
We conclude that the doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the [lender] sought to accelerate payments on the note in the first suit.
Id. at 1007-08 (emphasis added). In the Court's view, "the subsequent and separate alleged default created a new and independent *106 right in the [lender] to accelerate payment on the note in a subsequent foreclosure action." Id. at 1008.
We recognize that this view of foreclosure actions involving acceleration on a note is not universal. See U.S. Bank Natl. Assn. v. Gullotta, 120 Ohio St.3d 399, 405, 899 N.E.2d 987, 992 (2008) (holding that each missed payment under a promissory note and mortgage did not give rise to a new claim because "[o]nce [the borrower] defaulted and [the lender] invoked the acceleration clause of the note, the ... obligations to pay each installment merged into one obligation to pay the entire balance on the note"). Even so, Singleton 's pronouncement that an "acceleration and foreclosure [action] predicated upon subsequent and different defaults present[s] a separate and distinct" claim expresses the better reasoned view. 882 So.2d at 1007. As the Singleton Court stated,
[i]f res judicata prevented a [lender] from acting on a subsequent default even after an earlier claimed default could not be established, the [borrower] would have no incentive to make future timely payments on the note.
*256 The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note-merely because she prevailed in the first action. Clearly, justice would not be served if the [lender] was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.
Id. at 1007-08. Other state and federal courts have recognized these concerns and reached similar conclusions after examining Singleton. See, e.g., Afolabi v. Atl. Mortg. & Inv. Corp., 849 N.E.2d 1170, 1175 (Ind.Ct.App.2006) ("res judicata does not bar successive foreclosure claims.... Here, the subsequent and separate alleged defaults under the note created a new and independent right in the [lender] to accelerate payment on the note in a subsequent foreclosure action."); Fairbank's Capital Corp. v. Milligan, 234 Fed.Appx. 21, 24 (3d Cir.2007) ("stipulated dismissal with prejudice ... cannot bar a subsequent mortgage foreclosure action based on defaults occurring after dismissal of the first action.... If we were to so hold, it would encourage a delinquent [borrower] to come to a settlement with a [lender] on a default in order to later insulate the [borrower] from the consequences of a subsequent default. This is plainly nonsensical."). Moreover, several of this Court's decisions support the proposition that we adopt in this case: that a lender's election to accelerate payment on a note and foreclose on a deed of trust does not necessarily place future payments at issue such that the lender is barred from filing subsequent foreclosure actions based upon subsequent defaults, or periods of default, on the same note.
"Where payments arising from [an installment] contract are at issue, this Court has [acknowledged] that more than one claim may arise from a single contract and that a dismissal with prejudice of a suit based on a default with respect to some payments does not bar future claims with respect to subsequent payments." Centura Bank v. Winters, 159 N.C.App. 456, 459, 583 S.E.2d 723, 725 (2003) (citing Shaw v. Lanotte, Inc., 92 N.C.App. 198, 202, 373 S.E.2d 882, 884-85 (1988) ).
In Shaw, this Court held that res judicata was not applicable where the first action-which was dismissed with prejudice-sought to determine the issue of default on three particular payments under an asset purchase agreement and the second action was for the total amount due. 92 N.C.App. at 202-03, 373 S.E.2d at 884-85. Significantly, the Shaw Court reached this conclusion even though the lender sought to accelerate the entire debt in the first action. Id. at 199, 373 S.E.2d at 883. In addressing the lender's attempt at acceleration, the Court noted that *257 the issue in the first action " was whether [the borrower] was in default for three particular installment payments." Id. at 202, 373 S.E.2d at 884. Thus, because "the issue involved in the prior action was not whether [the borrower] had defaulted on the entire amount due under the agreement but whether he had defaulted on three particular payments, acceleration of the entire debt was never an issue in the first [action]." Id. at 202, 373 S.E.2d at 884-85. In other words, the order of dismissal with prejudice in the first action served to adjudicate, in favor of the borrower, the merits of the lender's claim and to determine that there was neither a default nor an effective acceleration of the debt. *107 In the instant case, FV-I filed voluntary dismissals in two foreclosure by power of sale actions and, as a result, its claims of acceleration and Mrs. Beasley's alleged acts of default have never been adjudicated on their merits. Nonetheless, as with the first action in Shaw, the acceleration issue in this case has yet to materialize. This is especially true here given that "a foreclosure by power of sale is a type of special proceeding ... in which the clerk of court determines whether a foreclosure pursuant to a power of sale [and, by extension, an acceleration of the debt,] should be granted[.]" Lifestore Bank, --- N.C.App. at ----, 763 S.E.2d at 10. Further, under the "new and independent right" reasoning in Singleton, FV-I has not lost its right to enforce the note and deed of trust merely because its previous two foreclosure actions, in which acceleration was invoked, were dismissed without prejudice.
In Winters, after citing Shaw, this Court held that Rule 41(a)'s two dismissal rule did not bar an automobile lessor from bringing a third action against a lessor for the balance due on a lease, even where the two previous suits also sought to collect the entire balance due on the lease at the time the complaints were filed. 159 N.C.App. at 459-60, 583 S.E.2d at 725. The Winters Court explained its conclusion as follows:
Each lawsuit in the present case was based on a default with respect to a separate set of payments. Plaintiff's first civil action alleged defendants were in default for approximately four rental payments totaling $3,714.51. The complaint sought judgment in the amount of $13,572.00. Plaintiff then voluntarily dismissed the complaint after defendants agreed to cure the default by paying plaintiff $3,050.00 towards the arrearage.... Subsequently, defendants defaulted again on the lease after which plaintiff filed a second action that sought a judgment in the amount of $35,513.49. Although plaintiff's prior lawsuits arose from *258 breaches of the same lease agreement, both suits were based on separate defaults. Thus, the prior suits involved claims which were based upon different transactions.
Id.
Similarly here, each foreclosure action was based on different periods of missed payments constituting separate defaults. In both the first and second actions, FV-I sought foreclosure by power of sale and acceleration of the balance due on the note secured by the deed of trust. While neither the first nor the second notice alleged a particular date of default, the record indicates that the due date of the last scheduled payment made by Mrs. Beasley was 1 July 2009, and there is no evidence that she made any payments after that date. An issue pertinent to both actions, therefore, was whether Mrs. Beasley defaulted on 1 July 2009 or any time thereafter. Because the facts at issue in each foreclosure action differed, the possible dates of default also differed.
The first foreclosure action was voluntarily dismissed on 17 January 2012, and the issue in that action was whether Mrs. Beasley defaulted between 1 July 2009 and January of 2012. By contrast, the second foreclosure action was voluntarily dismissed on 10 July 2013. Consequently, the issue in that action was whether Mrs. Beasley defaulted between July of 2009 and July of 2013. When compared side by side, the facts necessary to establish a default in the first foreclosure action differ from those necessary to establish a default in the second foreclosure action, i.e., these facts present separate and subsequent periods of alleged default.
In construing Rule 41(a)'s two dismissal rule, "[o]ur courts have required the strictest factual identity between the original claim, and the new action, which must be based upon the same claim ... as the original action." Brannock v. Brannock, 135 N.C.App. 635, 639-40, 523 S.E.2d 110, 113 (1999) (citations omitted) (internal quotation marks omitted). Therefore, Rule 41(a) applies when there is an identity of claims, the determination of which depends upon a comparison of the operative facts constituting the underlying transaction or occurrence. If the same operative facts serve as the basis for maintaining the same defaults in two successive foreclosure actions, and the relief sought in each is based on the same evidence, the voluntary dismissal of those actions under Rule 41(a) bars the filing of a third such action.
*108 We find no strict factual identity between the two foreclosure by sale actions filed in this case. FV-I's second action was not simply a continuation of its original action and it was not an attempt to relitigate the same alleged default. Certainly, in both foreclosure actions, the Clerk *259 of Court would have to determine whether FV-I could establish that a default occurred between July 2009 and January 2012. But in the second foreclosure action, the Clerk would also have had to determine whether Mrs. Beasley defaulted between January 2012 and July 2013-this is a claim that FV-I could not have brought in the first foreclosure action. Consequently, the operative facts and transactions necessary to the disposition of both actions gave rise to separate and distinct claims of default, and some of the particular default claims relevant to the second action could not have been brought in the first one. As the claims of default and particular facts at issue in each action differed, Rule 41(a)'s two dismissal rule does not apply. Accordingly, petitioners' second voluntary dismissal did not operate as an adjudication on the merits and the principles of res judicata do not bar a third power of sale foreclosure action.
In conclusion, petitioners filed a voluntary dismissal prior to the hearing on FV-I's second foreclosure action; thus, both the Clerk of Court and the Superior Court lacked jurisdiction to enter orders in the matter. Furthermore, since petitioners filed successive foreclosure by power of sale actions based upon different claims of default, Rule 41(a) does not bar them from filing a third such action. The trial court's order granting Mrs. Beasley's motion to dismiss is therefore reversed. Because we reverse the trial court's order on the bases of lack of jurisdiction and its misapplication of Rule 41(a)'s two dismissal rule, we need not address petitioners' remaining arguments.
Reversed.
Judges STEELMAN and McCULLOUGH concur.

In construing Rule 41(a), we note that when the two dismissal rule applies and the dismissal of a second action operates as an adjudication on the merits, it is the doctrine of res judicata that bars subsequent actions based on the same claim or claims. Thus, Rule 41 itself does not bar a subsequent action.