STEPHENS, Judge.
 

 *84
 

 Factual and Procedural Background
 

 On 3 August 2001, Respondent Randall Herndon ("Herndon") executed a promissory note in favor of Long Beach Mortgage Company ("Long Beach") in consideration for a $60,800 loan. The loan was payable over 30 years at a rate of 11.25% interest. Herndon and his wife, Respondent Nona R. Herndon, executed a deed of trust to secure the debt with real property located at 1375 Union Church Road in Dunn ("the home"). Herndon defaulted on the debt beginning with his failure to make a payment due 1 November 2007 and never again made a payment on the loan.
 

 After the note was executed, Long Beach endorsed it such that it was payable to "blank." By November 2009, Petitioner U.S. Bank National Association ("the bank") was in possession of the note and was trustee of the deed of trust. On 4 November 2009, the substitute trustee, on behalf of the bank, filed in the Superior Court in Sampson County a notice of hearing in support of its foreclosure petition in file number 09 SP 246 ("the first foreclosure petition"). The notice of hearing stated that the petition would be heard on 7 June 2010, noted that the debt had been accelerated, and generally described a payment default. The substitute trustee obtained continuances for the hearing several times, with the last hearing date set for 25 August 2011. However, on 19 August 2011,
 
 *85
 
 the substitute trustee took a voluntary dismissal of the special proceeding pursuant to Rule of Civil Procedure 41(a).
 

 On 8 December 2011, the substitute trustee filed a notice of hearing in support of a foreclosure petition in file number 11 SP 248 ("the second foreclosure petition"). The notice set the hearing in the second foreclosure proceeding for 9 February 2012, noted that the debt had been accelerated, and generally described a payment default. Following a series of continuances, the second petition came on for hearing on 4 October 2012. At the hearing, evidence was presented, including an acceleration warning letter dated 21 October 2011. At the conclusion of the hearing, the clerk entered an order permitting foreclosure, which the Herndons appealed to the superior court the following day. However, before the appeal was heard, the substitute trustee again took a voluntary dismissal of the special proceeding pursuant to Rule 41(a).
 

 On 21 February 2014, the substitute trustee filed a notice of hearing in support of a foreclosure petition in file number 14 SP 36 ("the third foreclosure petition"). The notice set the hearing in the third foreclosure proceeding for 27 March 2014 and noted that the debt had been accelerated. The hearing was continued several times. At the hearing on 21 August 2014, evidence was presented to the clerk, who entered an order permitting foreclosure on the same day. The Herndons appealed that order to the Sampson County Superior Court on 2 September 2014. Following a hearing in November 2014, the Honorable Gale M. Adams, Judge presiding, entered an order on 30 December 2014 reversing the clerk's order and dismissing the proceeding ("the dismissal order"). The dismissal order provided:
 

 It appearing to the [c]ourt that the Petitioner, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, (formerly known as First Union National Bank) as Trustee, for Long Beach Mortgage Loan Trust 2001-4, brought two previous special proceedings; 09 SP 246 and 11 SP 248. The only document of substance in file 09 SP 246 is a Notice of Hearing which contains no date or other information regarding default. Both 09 SP 246 and 11 SP 248 were voluntarily dismissed.
 

 On the basis of the record, evidence presented, and arguments of counsel, the [c]ourt is of the opinion the dismissal in 11 SP 248 acted as an adjudication on the merits pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure.
 

 *86
 
 On 27 January 2015, the substitute trustee gave notice of appeal from the dismissal order.
 

 *526
 

 Discussion
 

 On appeal, the substitute trustee argues that the superior court erred in (1) excluding an affidavit from Dana Crawford and (2) dismissing the third foreclosure petition under the "two dismissal rule" of Rule 41(a). As discussed below, we reverse the dismissal order.
 

 I. The Crawford affidavit
 

 The substitute trustee first argues that the superior court erred in excluding an affidavit from Dana Crawford, a document control officer employed by the authorized servicer handling Herndon's loan for the bank. However, on appeal, the substitute trustee acknowledges that "neither party expressly sought to admit [the Crawford affidavit]" at the hearing before the superior court, "although [the substitute trustee's] counsel did refer to it." After reviewing the transcript of the 3 November 2014 proceeding in the superior court, we agree that the Crawford affidavit was never offered for admission.
 

 Toward the end of the motion hearing, the Crawford affidavit was discussed by Robert Hood, counsel for the substitute trustee:
 

 THE COURT: Mr. Hood, can I see the affidavit that you have for the third [foreclosure petition]?
 

 MR. HOOD: Yes, your Honor. I have two new affidavits. They are identical. May I approach? This would be in addition to the affidavit that's in the special proceeding file already.
 

 THE COURT: Mr. Hood, I've gone through this entire file. I see this affidavit in the file, but it's not the one you've handed up. It's different.
 

 MR. HOOD: Yes.
 

 THE COURT: Y'all want to-go ahead.
 

 MR. HOOD: I was just going to ask, is that the affidavit in the file of August 21st? I think that was clocked in on August 21st, 2014?
 

 THE COURT: Let me go back to that.
 

 MR. HOOD: Yes, your Honor. The second-the two
 
 *87
 
 affidavits that I tendered today are-they have more information and they were executed specifically for this proceeding today. I have another copy. I have the first one.
 

 THE COURT: So when you say that the affidavit that you handed up is in the file, this affidavit that you handed up is not actually in the file. It's a different affidavit.
 

 MR. HOOD: No. No. A different affidavit. I'm sorry. I may have misspoke, your Honor. There was an affidavit at the original hearing that is in the file and that's the one that was clocked in on August 21st.
 

 THE COURT: Yes.
 

 MR. HOOD: The two affidavits that I handed up today, they are not in the file. Those were specifically for today's proceeding.
 

 THE COURT: What's the purpose of that?
 

 MR. HOOD:
 
 The purpose of the two affidavits, your Honor, were just to bolster the, again, the notion of the elements of default on behalf of the respondent[s]. Personally, they are superfluous because the original affidavit that was clocked in at the hearing was sufficient. The clerk said it was sufficient.
 
 That's why she entered the order. But, again, our client wanted to be crystal clear as to the nature of the default. A little bit of the history is there on the second page. They are identical, executed only three days apart from each other.
 

 It is not uncommon for our client to introduce another affidavit of default, especially when we are submitting both the original note and Deed of Trust.
 

 (Emphasis added). There followed a brief discussion with the Herndons' counsel during which the affidavits were not mentioned, and concern about the original note and deed of trust which the trial court had been reviewing. Judge Adams responded, "A copy of the note is in the file. Let me hand back these affidavits also. The note is in the file." That remark ends the hearing transcript, and nothing in the transcript suggests that the substitute trustee's counsel ever asked that the affidavits be admitted or clarified for the court that he did not want the affidavits to be
 
 *527
 
 returned along with the original note and deed of trust.
 
 *88
 
 Further, even assuming
 
 arguendo
 
 that the affidavits were offered for admission and that the trial court excluded them, as the substitute trustee notes,
 

 [w]e review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion. An abuse of discretion results when the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision. In our review, we consider not whether we might disagree with the trial court, but whether the trial court's actions are fairly supported by the record.
 

 State v. Whaley,
 

 362 N.C. 156
 
 , 160,
 
 655 S.E.2d 388
 
 , 390 (2008) (citations and internal quotation marks omitted). Exclusion of evidence is proper "under Rule 403 if the trial court determines its 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or
 
 needless presentation of cumulative evidence.
 
 ' "
 
 Id.
 
 at 159-60,
 
 655 S.E.2d at 390
 
 (quoting N.C. Gen.Stat. § 8C-1, Rule 403 ) (emphasis added). The substitute trustee's counsel stated that the affidavits were being offered "just to bolster the, again, the notion of the elements of default" and characterized them as "superfluous" given that other evidence in the file "was sufficient." Considering that the proponent of the evidence explicitly described the affidavits as unnecessary and cumulative, we would reject the argument that the trial court's decision not to admit them was "unsupported by reason or [was] so arbitrary that it could not have been the result of a reasoned decision."
 
 See
 

 id.
 
 at 160,
 
 655 S.E.2d at 390
 
 (citation and internal quotation marks omitted). Accordingly, even if we were to hold that the affidavits had been offered into evidence, we would conclude that the trial court did not abuse its discretion in declining to admit them. This argument is overruled.
 

 II. The two dismissal rule
 

 The substitute trustee next argues that the superior court erred in dismissing the third foreclosure petition under the two dismissal rule of Rule 41(a). We agree.
 

 We begin by addressing the substitute trustee's assertion that the loan was not accelerated until 21 August 2011, the date of the only acceleration warning letter included in the record before us. The substitute trustee contends that the first foreclosure petition was filed before the loan was accelerated and was thus based upon Herndon's default on the individual payments up to the time of filing, while the second
 
 *89
 
 foreclosure petition was filed
 
 after
 
 the loan was accelerated and, thus, was based on Herndon's default on the total remaining balance owed. As a result, the substitute trustee urges that, because the claim in the second foreclosure petition was not based upon the same transaction or occurrence as the first foreclosure petition, the two dismissal rule was not triggered by dismissal of the second foreclosure petition. We must reject the factual premise of the substitute trustee's argument on this point. The 4 November 2009 notice of hearing in support of the first foreclosure petition specifically states that the loan had been accelerated as of that date. However, in light of recent precedent from this Court, this factual point makes no difference in our resolution of the central question before us, to wit, whether the two dismissal rule was applicable in this matter.
 

 "A creditor can seek to enforce payment of a promissory note by pursuing foreclosure by power of sale, judicial foreclosure, or by filing for a money judgment, or all three options, until the debt has been satisfied."
 
 Lifestore Bank v. Mingo Tribal Pres. Trust,
 
 ---N.C.App. ----, ----,
 
 763 S.E.2d 6
 
 , 7 (2014),
 
 disc. review denied,
 
 - -- N.C. ----,
 
 771 S.E.2d 306
 
 (2015). "A foreclosure under power of sale is a type of special proceeding, to which our Rules of Civil Procedure apply [,]"
 

 id.
 

 at ----,
 
 763 S.E.2d at 9
 
 (citation omitted), including Rule 41(a) which
 

 provides that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed an action based on or including the same claim. This provision is commonly referred to as the two dismissal rule. According
 
 *528
 
 to Rule 41(a)'s two dismissal rule, a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action operates as an adjudication on the merits and bars a third action based upon the same set of facts. In order to determine whether a second action was based upon the same transaction or occurrence as a first action, we examine whether the claims in both actions were based upon the same core of operative facts and whether all of the claims could have been asserted in the same cause of action.
 

 In re Foreclosure by Rogers Townsend & Thomas, PC,
 
 ---N.C.App. ----, ----,
 
 773 S.E.2d 101
 
 , 103-04 (2015) (citations, internal quotation marks, brackets, ellipses, and footnote omitted) (hereinafter, "
 
 Rogers Townsend & Thomas
 
 ").
 

 *90
 
 The Herndons cite
 
 Lifestore Bank
 
 in arguing that the voluntary dismissal of the second foreclosure petition operated as an adjudication on the merits of the substitute trustee's claims such that Rule 41(a) required dismissal of the third foreclosure petition. Our review reveals a critical factual distinction between that case and the matter here that renders
 
 Lifestore Bank
 
 inapposite. In
 
 Lifestore Bank,
 
 the lender first sought to recover on two promissory notes by an action for foreclosure by power of sale which the lender later voluntarily dismissed. - -- N.C.App. at ----,
 
 763 S.E.2d at 10
 
 . The lender also took a voluntary dismissal of its second action for foreclosure by power of sale.
 

 Id.
 

 The lender then filed a complaint which included claims for a money judgment on the two promissory notes, as well as for judicial foreclosure.
 

 Id.
 

 at ----,
 
 763 S.E.2d at 8
 
 . The trial court applied the two dismissal rule to dismiss the lender's claim for judicial foreclosure, and the lender appealed.
 

 Id.
 

 at ----,
 
 763 S.E.2d at 9
 
 . This Court reversed, noting that "a judicial foreclosure differs from a foreclosure by power of sale in that a judicial foreclosure is not a type of special proceeding and, as such, can be pursued by a creditor after a foreclosure by power of sale has failed."
 

 Id.
 

 at ----,
 
 763 S.E.2d at 12-13
 
 (citations and internal quotation marks omitted). This Court thus reasoned that, "the two dismissal rule ... [was] not applicable to [the lender's] claim for judicial foreclosure as [the lender] could not have brought a claim for judicial foreclosure in the same action as its claims for foreclosure by power of sale."
 

 Id.
 

 at ----,
 
 763 S.E.2d at 13
 
 (citation omitted). Accordingly, the Court held that "[t]he two dismissal rule of Rule 41 does not bar a creditor from bringing an action for
 
 judicial foreclosure
 
 or for money judgment where the creditor has filed and then taken voluntary dismissals from two prior actions for foreclosure by power of sale."
 

 Id.
 

 at ----,
 
 763 S.E.2d at 7
 
 (internal quotation marks omitted; emphasis in original). The issue before the Court in
 
 Lifestore Bank
 
 was the applicability of the two dismissal rule where
 
 an action for judicial foreclosure and a money judgment
 
 is filed following the voluntary dismissal of two previous actions for
 
 foreclosure by sale.
 
 By contrast, in the matter before us here, the issue is the applicability of the two dismissal rule where a third action for foreclosure by sale is brought following the voluntary dismissal of two previous actions for foreclosure by sale. Accordingly, the holding of
 
 Lifestore Bank
 
 is wholly inapplicable to the present appeal.
 

 We acknowledge that the Court in
 
 Lifestore Bank
 
 remarked that "by taking two sets of voluntary dismissals as to its claims for foreclosure by power of sale, the second set of voluntary dismissals is an adjudication on the merits which bars [the lender] from undertaking a third foreclosure by power of sale action...."
 

 Id.
 

 at ----,
 
 763 S.E.2d at 12
 
 (internal
 
 *91
 
 quotation marks omitted). However, because the lender never brought a third action for foreclosure by power of sale, the issue of the two dismissal rule's effect on a third action for foreclosure by power of sale was not before the
 
 Lifestore Bank
 
 Court. This observation, therefore, was mere
 
 dicta
 
 and does not control the resolution of the issue presented by this case. Recently, however, the appeal in
 
 Rogers Townsend & Thomas
 
 presented this Court with the opportunity to address as a matter of first impression the identical question before us here: whether the two dismissal rule bars a third action for foreclosure by power of sale following
 
 *529
 
 the voluntary dismissal of two previous actions for foreclosure by power of sale.
 

 In
 
 Rogers
 

 Townsend & Thomas,
 
 the
 

 petitioners twice voluntarily dismissed foreclosure by power of sale actions against [the borrower] and they filed both notices of dismissal prior to resting their case. In addition, [the note holder] sought to accelerate [the borrower's] debt in both actions. Therefore, we must decide whether [the note holder]'s decision to accelerate the debt placed the entire balance of the note at issue and eliminated any factual distinctions between the two actions. If it did, the second action was based upon the same transaction or occurrence as the first one, and Rule 41 as well as the principles of
 
 res judicata
 
 will bar petitioners from bringing a third foreclosure by power of sale action on the same note. The dispositive issue, as we see it, is whether or not each failure to make a payment by a borrower under the terms of a promissory note and deed of trust constitutes a separate default, or separate period of default, such that any successive acceleration and foreclosure actions on the same note and deed of trust involve claims based upon different transactions or occurrences, thus exempting them from the two dismissal rule contained in Rule 41(a).
 

 - -- N.C.App. at ----,
 
 773 S.E.2d at 104
 
 (italics added). After noting that our State's appellate courts had not addressed the issue directly, this Court reviewed related case law from North Carolina as well as the approaches to the two dismissal rule in foreclosure matters in other jurisdictions before holding that "a lender's election to accelerate payment on a note and foreclose on a deed of trust does not necessarily place future payments at issue such that the lender is barred from filing
 
 *92
 
 subsequent foreclosure actions based upon subsequent defaults, or periods of default, on the same note."
 

 iD.
 

 at ----, 773 S.E.2D at 106.
 

 The Court went on to explain and apply its reasoning where two foreclosure actions with accelerated loans are dismissed voluntarily:
 

 In construing Rule 41(a)'s two dismissal rule, our courts have required the strictest factual identity between the original claim, and the new action, which must be based upon the same claim as the original action. Therefore, Rule 41(a) applies when there is an identity of claims, the determination of which depends upon a comparison of the operative facts constituting the underlying transaction or occurrence. If the same operative facts serve as the basis for maintaining the same defaults in two successive foreclosure actions, and the relief sought in each is based on the same evidence, the voluntary dismissal of those actions under Rule 41(a) bars the filing of a third such action.
 

 Id.
 

 at ----,
 
 773 S.E.2d at 107
 
 (citation, internal quotation marks, brackets, and ellipsis omitted). After comparing the operative facts at issue in the foreclosure by sale actions brought by the lender, the Court concluded:
 

 We find no strict factual identity between the two foreclosure by sale actions filed in this case. [The note holder]'s second action was not simply a continuation of its original action and it was not an attempt to relitigate the same alleged default. Certainly, in both foreclosure actions, the Clerk of Court would have to determine whether [the note holder] could establish that a default occurred between July 2009 and January 2012. But in the second foreclosure action, the Clerk would also have had to determine whether [the borrower] defaulted between January 2012 and July 2013-this is a claim that [the note holder] could not have brought in the first foreclosure action. Consequently, the operative facts and transactions necessary to the disposition of both actions gave rise to separate and distinct claims of default, and some of the particular default claims relevant to the second action could not have been brought in the first one. As the claims of default and particular facts at issue in each action differed, Rule 41(a)'s two dismissal rule does not apply. Accordingly, [the] petitioners' second voluntary dismissal did not operate as an adjudication on
 
 *93
 
 the merits and the principles of
 
 res judicata
 
 do not bar a third power of sale foreclosure action.
 

 *530
 

 Id.
 

 at ----,
 
 773 S.E.2d at 108
 
 (italics added). In so holding, the Court specifically distinguished the factual circumstances and procedural posture in
 
 Rogers Townsend & Thomas
 
 from those present in
 
 Lifestore Bank:
 

 [In
 
 Lifestore Bank,
 
 ] the pertinent issue was whether Rule 41 barred the lender's claims for money judgments and judicial foreclosure. This Court held that, because an action for foreclosure by power of sale is a special proceeding, limited in jurisdiction and scope, the lender's money judgment and judicial foreclosure claims-though based upon the same core of operative facts-could not have been brought in the previously dismissed actions and, thus, were not barred by Rule 41(a)'s two dismissal rule....
 

 ... [W]e find that
 
 Lifestore Bank
 
 is easily distinguished from the instant case. Indeed, the
 
 Lifestore Bank
 
 Court did not reveal the alleged dates or periods of default relevant to the lenders' foreclosure by sale actions, and there was no mention that the debts were accelerated. Nor did the Court address the question whether each failure to make a payment by a borrower under the terms of a note secured by a deed of trust constitutes a separate default.
 

 Id.
 

 at ----,
 
 773 S.E.2d at 104-05
 
 .
 

 We perceive no difference between the relevant facts and procedural posture in
 
 Rogers Townsend & Thomas
 
 and the case before us. Here, the promissory note for $60,800.00 was executed on 3 August 2001 with payments due on the first day of each month from October 2001 through September 2031. The first foreclosure petition was filed on 4 November 2009 and thus covered defaults by Herndon between November 2007 and November 2009. The second foreclosure petition was filed on 8 December 2011, and therefore covered the additional defaults by Herndon each month from December 2009 through December 2011. The third foreclosure petition was filed on 21 February 2014, covering the further defaults by Herndon between 1 January 2012 and February 2014.
 

 Just as in
 
 Rogers Townsend & Thomas,
 
 during each of these time periods, Herndon continued to default, and the "lender's election to accelerate payment on a note ... [did] not necessarily place future payments at issue such that the lender [was] barred from filing subsequent
 
 *94
 
 foreclosure actions based upon subsequent defaults, or periods of default, on the same note."
 

 Id.
 

 at ----,
 
 773 S.E.2d at 106
 
 . Applying this precedent, we reach the same holding. Because the "claims of default and particular facts at issue in each action differed, Rule 41(a)'s two dismissal rule does not apply" here, and therefore the dismissal of the second foreclosure petition "did not operate as an adjudication on the merits...."
 
 See
 

 id.
 

 at ----,
 
 773 S.E.2d at 108
 
 . Accordingly, the substitute trustee is not barred from bringing a third action for foreclosure by power of sale, and the superior court's order dismissing the third foreclosure petition must be
 

 REVERSED.
 

 Judges STROUD and DAVIS concur.