IN RE: BLEDSOE WATSON, ADMINISTRATOR OF THE ESTATE OF RAY JUNIOR WATSON, DECEASED

No. 8319SC469

(Filed 21 August 1984)

Appeal and Error § 6.2; Executors and Administrators § 36.1— voluntarily dismissed suit—claim against estate—order discharging administrator revoked—appeal premature

The clerk of superior court correctly treated a voluntarily dismissed suit as a "claim" against an estate and acted within his authority in setting aside an order discharging petitioner as administrator, and the trial court's order affirming the clerk's action was not appealable since the ruling was interlocutory; the trial court did not certify that there was no just reason for delay; and no substantial right was affected by requiring petitioner to continue as administrator.

APPEAL by petitioner from *Seay, Judge*. Order entered 16 December 1982 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 13 March 1984.

Archie Shirley and the decedent, Ray Junior Watson, were riding together in July 1977 in Shirley's car when it left the road, killing Watson and injuring Shirley. Petitioner Bledsoe Watson, Ray Junior's father, applied for and received letters of administration in February 1978. Within the six month limitation period petitioner filed a wrongful death action against Shirley and Shirley counterclaimed (each alleged the other party was driving). The wrongful death action was later settled out of court.

In October 1979, petitioner filed a "final" account which the Clerk of Superior Court duly approved, although it contained no mention of the pending counterclaim. On 14 May 1980, the clerk, having learned of the omission, issued an order *nunc pro tunc*, changing the "final" account to an "annual" account and ordering petitioner to continue administration. Shirley took a voluntary dismissal without prejudice pursuant to G.S. 1A-1, Rule 41(a) that same day. Petitioner then refiled the same statement, again as a final account, on 29 July 1980, and an order approving it as final and discharging him was entered by the clerk 12 August 1980. On 8 May 1981, Shirley filed his new complaint. Petitioner moved to dismiss on the ground that he was not acting as administrator at the time of filing.

On 14 August 1981, the clerk set aside the discharge of 12 August 1980 and again changed the final account to an annual account, *nunc pro tunc*. The clerk found that petitioner had failed to inform the court of the order allowing Shirley to refile his claim, and ordered petitioner to continue as administrator. On appeal to the Superior Court, and after hearing and argument, the court adopted and affirmed the clerk's order. From this order petitioner appeals.

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Richard L. Vanore, for petitioner appellant.*

*Ottway Burton, P.A., by Ottway Burton, for appellee Archie L. Shirley.*

JOHNSON, Judge.

Neither party presents the issue to this Court, but as a threshold jurisdictional question we must determine whether Judge Seay's order is presently appealable. *State v. School*, 299 N.C. 351, 261 S.E. 2d 908, *aff'd on rehearing*, 299 N.C. 731, 265 S.E. 2d 387 (per curiam), *appeal dismissed* 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 11 (1980). For the reasons set out below we conclude that it is not.

The order entered by the clerk was within his authority. The clerk is authorized to "[o]pen, vacate, modify, set aside, or enter as of a former time, decrees or orders of his court." G.S. 7A-103(9). This broad grant necessarily includes the power to correct, *nunc pro tunc*, orders entered on erroneous misapprehension of the facts, as here. The Superior Court essentially adopted and affirmed the clerk's order.

Petitioner argues that since Shirley had taken a voluntary dismissal of his suit there were no "claims" against the estate. By extension, then, he was entitled to his discharge in August 1980 under G.S. 28A-23-1, and therefore the clerk could not order the administration continued. The applicable General Statutes do not define "claim." They do distinguish between "claims" and "claims duly presented." G.S. 28A-19-1.[1] A personal injury claim against the estate is "duly presented" upon filing, indicating a legislative recognition of its existence *as an unpresented claim* before filing. G.S. 28A-19-1(2). The statutes further provide for the payment of "unliquidated" or "contingent" claims. G.S. 28A-19-5. This may be by such method as the clerk may order, G.S. 28A-19-5(4), including, it would seem, holding the estate open until the lawsuit was finally abandoned or resolved. The dictionaries also do not define "claim" as requiring a specific demand filed or reduced to writing. *See* Black's Law Dictionary 224 (5th ed. 1979); 14 C.J.S. Claim (1939). A claim may be a cause of action, *id.* at 1184, which has generally been defined not as some legal filing, but as the existence of a set of facts justifying judicial relief. *Exum v. Boyles*,

---

1. G.S. 28A-19-1 was rewritten by 1977 N. C. Sess. Laws c. 446, s. 1. That Act, effective 1 September 1977, applied only to the administration of estates of persons who died on or after its effective date. 1977 N. C. Sess. Laws c. 446, s. 5. Ray Junior Watson died in July 1977; accordingly the new section does not apply and we express no opinion as to its effect.

272 N.C. 567, 158 S.E. 2d 845 (1968); *see* Black's Law Dictionary 201 (5th ed. 1979); 1 C.J.S. actions § 8 (1936). Accordingly, we hold that the clerk correctly treated Shirley's voluntarily dismissed suit as a "claim" and acted within his authority in correcting his erroneous discharge of petitioner.

The ruling from which petitioner attempts to appeal clearly did not constitute a final judgment, or other final termination of the action. It therefore was interlocutory: "a ruling is interlocutory in nature if it does not determine the issues but directs some further proceeding preliminary to a decree." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 333, 299 S.E. 2d 777, 779 (1983). The present order, by lawfully correcting an earlier erroneous order, merely contemplated continued administration of an established estate and its final settlement after resolution of the one outstanding claim.

Accordingly, since the trial court did not certify that there was no just reason for delay, G.S. 1A-1, Rule 54(b), no appeal would lie unless the order affected a substantial right. G.S. 1-277; G.S. 7A-27; *Blackwelder, supra.* The "substantial right" exception does not apply unless the appellant would lose some substantial right if the ruling or order is not reviewed before final judgment in the trial division. *Id.*

No substantial right appears to be affected by continuing petitioner as administrator. This is particularly true in light of the fact that petitioner himself originally applied to serve as administrator; nothing in the record suggests that any other person would be preferable. It is true that the appointment serves to expose the estate to liability for the decedent's alleged tort, but that is inherent in the very nature of the estate itself and no especial prejudice results.

The real effect of the order is to allow Shirley to continue his action against the estate. The resulting pretrial procedure and ensuing trial do not affect a substantial right, however. Avoidance of a trial is not a substantial right entitling a party to immediate appeal. *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Blackwelder, supra.* Although this rule ordinarily applies to attempted appeals in the same case in which the trial is to be held, its logic is equally applicable to obviously interdependent matters such as those at issue here.

The trial division should therefore resolve the liability issue before appeal in this case. Petitioner has no right of appeal presently, and his appeal is accordingly

Dismissed.

Judges HEDRICK and HILL concur.