ERNESTINE RICHARDSON; MERLE RICHARDSON, Plaintiffs v. McCRACKEN ENTERPRISES, d/b/a McCRACKEN OIL COMPANY, A NORTH CAROLINA CORPORATION, Defendant

No. COA96-1236

(Filed 17 June 1997)

**Trial § 226 (NCI4th)— different actions filed in separate counties—voluntary dismissals—same facts—two dismissal rule**

Where plaintiffs voluntarily dismissed an action in Wake County for trespass, strict liability, negligence, and punitive damages arising out of defendant oil company's contamination of their soil and water with diesel fuel and fuel oil, and plaintiffs thereafter voluntarily dismissed a nuisance action in Franklin County based on the same facts, plaintiffs twice dismissed claims "based on or including the same claim" so that the two dismissal provision of Rule 4(a)(1) bars plaintiffs' third action in Franklin County asserting all of the claims of the two previous actions. In enacting the two dismissal provision of Rule 4(a)(1), the legislature intended that a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts. N.C.G.S. § 1A-1, Rule 4(a)(1).

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 73 et seq.**

**What dismissals preclude a further suit, under federal and state rules regarding two dismissals. 65 ALR2d 642.**

Judge WYNN dissenting.

Appeal by plaintiffs from order entered 16 May 1996 by Judge Donald Stephens in Franklin County Superior Court. Heard in the Court of Appeals 15 May 1997.

*Steven E. Hight, P.A., by Steven E. Hight and Steven H. McFarlane, for plaintiff-appellants.*

*Hatch, Little & Bunn, L.L.P., by A. Bartlett White and Tina L. Frazier, for defendant-appellee.*

MARTIN, John C., Judge.

On 14 April 1993, plaintiffs filed a complaint in Wake County against McCracken Enterprises, Inc., alleging that on a number of occasions, beginning on or about 18 August 1989, defendants discharged diesel fuel and fuel oil on defendant's property, causing injury to plaintiffs when it ran onto their adjoining property, causing contamination of both water and soil. The complaint asserted claims for trespass, strict liability under statute, negligence, and punitive damages.

On 29 July 1994, plaintiffs, represented by new counsel, filed a second complaint in Franklin County alleging essentially the same facts and asserting a single claim for nuisance.

On 5 December 1994, plaintiffs' new counsel submitted to a voluntary dismissal without prejudice of the Franklin County action and, on 17 January 1995, filed a voluntary dismissal without prejudice of the Wake County action. On 15 December 1995, plaintiffs filed a third complaint in Franklin County, asserting all of the claims which had been contained in the complaints in the two previous actions.

Defendant moved for summary judgment on the grounds that plaintiffs had previously filed two voluntary dismissals and were barred pursuant to the provisions of G.S. § 1A-1, Rule 41(a)(1) from bringing the present action. Defendant's motion was granted, and plaintiffs appeal.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) permits a plaintiff to dismiss, without prejudice, any claim without an order of the court by filing a notice of dismissal at any time before resting his case, and to file a new action based upon the same claim within one year after the dismissal. The rule also provides, however, "that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed . . . an action based on or including the same claim." The question raised by this appeal is whether plaintiffs have twice dismissed claims "based on or including the same claim" so as to be barred by Rule 41(a)(1) from maintaining the present action.

Plaintiffs contend that a strict "same claim" test applies, so that a claim is barred by Rule 41(a)(1) only if a plaintiff has previously twice filed and voluntarily dismissed identical claims. Plaintiffs alleged claims for trespass, strict liability, negligence, and punitive damages only in the Wake County action, and alleged only a claim for nuisance in the previously dismissed Franklin County action. Therefore, plaintiffs argue, since none of these claims have been twice filed and twice dismissed, Rule 41(a)(1) does not apply to bar their assertion in the present action.

Defendant, however, maintains that we should apply a broader "same transaction or occurrence" test in determining whether a second lawsuit involves the same claim as an earlier lawsuit. They argue that a "claim" is simply defined as "a cause of action," *Black's Law Dictionary*, 6th Ed. 247 (1990), and that our courts have defined a cause of action "as the existence of a set of facts justifying judicial relief." *In re Watson*, 70 N.C. App. 120, 122, 318 S.E.2d 544, 546 (1984), *disc. review denied*, 313 N.C. 330, 327 S.E.2d 900 (1985), (citing *Exum v. Boyles*, 272 N.C. 567, 158 S.E.2d 845 (1968)). Defendants assert further that application of the strict "same claim" test to the two dismissal rule, as advocated by plaintiffs, would permit a single claimant to bring multiple separate actions, each containing a different claim, against a defendant even though the claims arose out of the same occurrence or set of facts.

Where the language of a statute is clear, the courts must give the statute its plain meaning; however, where the statute is ambiguous or unclear as to its meaning, the courts must interpret the statute to give effect to the legislative intent. *Burgess v. Your House of Raleigh*, 326 N.C. 205, 388 S.E.2d 134 (1990). Because the language of Rule 41(a)(1) is subject to differing interpretations, we must decide, for the purposes of determining if an action is "based on or including the

same claim," whether the legislature intended that a strict "same claim" test or a broader "same transaction or occurrence" test be used.

Statutory construction requires that the courts ascertain the intent of the legislature, which " 'must be found from the language of the act, its legislative history and the circumstances surrounding its adoption which throw light upon the evil sought to be remedied.' " *Burgess*, at 209, 388 S.E.2d at 137, (quoting *Milk Commission v. Food Stores*, 270 N.C. 323, 332, 154 S.E.2d 548, 555 (1967)). Where a literal interpretation of statutory language would contravene the manifest purpose of the statute or lead to an absurd result, "the reason and purpose of the law will be given effect and the strict letter thereof disregarded." *In the Matter of Banks*, 295 N.C. 236, 240, 244 S.E.2d 386, 389 (1978) (citations omitted).

The intent of Rule 41(a)(1) is to protect a defendant from the harassment of repetitive lawsuits. *See City of Raleigh v. College Campus Apartments, Inc.*, 94 N.C. App. 280, 282, 380 S.E.2d 163, 165 (1989), *affirmed*, 326 N.C. 360, 388 S.E.2d 768 (1990) ("two dismissal rule . . . intended to prevent delays and harassment by plaintiff securing numerous dismissals without prejudice," quoting *9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure* § 2368 at 187). Adoption of a strict "same claim" test as espoused by plaintiffs would permit virtually unlimited claim-splitting, subjecting a defendant to multiple and repetitive suits by the same party arising out of a single transaction, thereby clearly thwarting the legislative intent. Thus, we hold that in enacting the two dismissal provision of Rule 41(a)(1), the legislature intended that a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts.

Here, both the previously dismissed Wake County action and the previously dismissed Franklin County action asserted claims based upon the same core of operative facts relating to the contamination of plaintiffs' property, and all of the claims could have been asserted in the same cause of action. The trial court correctly determined that the two previously dismissed actions were "based on or including the same claim" and that the present action is barred by the provisions of Rule 41(a)(1). Defendant is therefore entitled to judgment as a matter of law and summary judgment is affirmed. N.C. Gen. Stat. § 1A-1, Rule 56.

Affirmed.

Judge LEWIS concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

In my opinion, the language of N.C.G.S. § 1A-1, Rule 41(a)(1) is clear. Therefore, we need not interpret this statute to give effect to the legislative intent. The two-dismissal rule under Rule 41(a)(1) provides in pertinent part that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed . . . an action based on or including the same *claim*." (emphasis added). Without any notion of ambiguity, the statute addresses the dismissal of the same *claim*, not transaction.

In this case, the plaintiffs brought an action in Wake County alleging four claims and later (while the Wake action remained pending) brought a second action in Franklin County setting forth another claim which amounted to a fifth claim that arose from the same transaction. Procedurally, the parties should have moved to have the actions consolidated in the same county. Rather than taking this direct route, the plaintiff dismissed both actions and refiled all five claims as one action in Franklin County.

Since none of the claims that make up the consolidated action in Franklin County have ever been dismissed more than once, it follows that the two-dismissal rule does not apply under these facts. *See Poore v. Swan Quarter Farms, Inc.*, 79 N.C. App. 286, 338 S.E.2d 817 (1986); *Kuhn v. Williamson*, 122 F.R.D. 192 (E.D.N.C. 1988). Plaintiffs, therefore, should be allowed to have their day in court.