IN RE THE MATTER OF: WILLIAM BROOKS HIGGINS

No. COA02-1265

(Filed 21 October 2003)

**Abatement; Mental Illness— appeal—denial of incompetence adjudication—death of respondent**

A petition to declare a respondent incompetent does not survive the death of the respondent under N.C.G.S. § 28A-18-1. An appeal from an order dismissing a petition for an adjudication of incompetence abated and was dismissed.

Appeal by petitioner from order dismissing petition for adjudication of incompetence entered 13 November 2000 by Judge James U. Downs in Yancey County Superior Court. Heard in the Court of Appeals 15 September 2003.

**IN RE HIGGINS**

[160 N.C. App. 704 (2003)]

*Wade Hall for petitioner-appellant.*

*Donny J. Laws for respondent-appellee.*

EAGLES, Chief Judge.

This is an appeal from an order dismissing a N.C. Gen. Stat. § 35A-1105 petition for adjudication of incompetence. Petitioner sought to have her brother, the respondent, declared incompetent.

At the time of the hearing, the respondent, William Brooks Higgins, was a seventy-six year old man who resided by himself in Yancey County. Petitioner is the respondent's sister, Linda Waldrep. Petitioner visited respondent at his home in late January or early February 2000 and decided that her brother did not need to be living by himself. Petitioner opined that respondent appeared dirty, undernourished and in poor health and that the house was "a wreck." Petitioner took respondent to her home and attempted to care for him there, but because she worked full time, was unable to provide adequate attention to respondent's care. Petitioner had respondent, a veteran, admitted to the Asheville VA Medical Center on 10 February 2000. The staff of the medical center did not address competency on the day they admitted respondent, but did note that his mental status exam revealed orientation "only to person" and severe deficits in short term memory.

At some point in February 2000, while respondent was in the hospital, petitioner and Estel Higgins, the respondent's brother, each obtained a power of attorney for respondent. This led to a dispute over who was authorized to manage respondent's care and financial affairs. On 3 March 2000, petitioner filed a petition to have respondent declared incompetent, in Buncombe County. On 17 March 2000, Estel Higgins sought to intervene and moved to have the venue changed to Yancey County. On 29 March 2000, the matter was transferred to Yancey County for a hearing before the Yancey County Clerk of Superior Court.

In July 2000, the clerk conducted the hearing and dismissed the petition because he did not find by clear, cogent and convincing evidence that respondent was incompetent. Petitioner then appealed to have the matter reheard in Superior Court. Respondent filed a motion to dismiss and petitioner filed a motion for summary judgment before the Superior Court, both were denied. The matter was then heard by the Superior Court in a bench trial. On 13 November 2000, the Superior Court concluded that "Respondent is not incompetent and

declines to find that the Respondent is incompetent" and dismissed the petition. Petitioner appeals this decision. During the pendency of this appeal, respondent died on 26 December 2002.

Petitioner argues on appeal that: (1) the trial court erred in allowing evidence to be presented by individuals other than the petitioner and respondent, (2) the trial court erred in denying her motion for summary judgment, and (3) the trial court erred in dismissing the petition for adjudication of incompetence. However, the dispositive issue is whether, when the trial court dismisses a petition for adjudication of incompetence, the action abates upon the death of the respondent during the pendency of the petitioner's appeal. We conclude that it does.

We note that the respondent died during the pendency of this appeal. "No action abates by reason of the death of a party while an appeal may be taken or is pending, if the cause of action survives." N.C.R. App. P. 38(a). Consequently, we must determine whether the cause of action survived respondent's death. The survival of causes of action is governed by N.C. Gen. Stat. § 28A-18-1:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

(1) Causes of action for libel and for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

N.C. Gen. Stat. § 28A-18-1 (2001). Here, the first two exceptions clearly do not apply. However, the third exception does apply.

The third exception provides that a cause of action does not survive a party's death where the relief sought could not be enjoyed or granting it would be nugatory after death. (Nugatory meaning "[o]f no force or effect; useless; invalid." Black's Law Dictionary 1093 (7th ed. 1999)). In deciding whether the relief could not be enjoyed or grant-

ing it would be nugatory, this court has looked at the purpose or the desired end result of a proceeding. In *Elmore v. Elmore,* 67 N.C. App. 661, 313 S.E.2d 904 (1984), this Court found that a divorce action did not survive the death of a party because the main purpose of a divorce, the dissolving of the marital state, was accomplished by the death of a party. Therefore, we examine the main purpose of incompetency proceedings for adults to determine whether the death of the respondent obviates that purpose.

Chapter 35A of the North Carolina General Statutes governs incompetency proceedings. An incompetent adult is "an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition." N.C. Gen. Stat. § 35A-1101(7) (2001). When an adult is adjudicated incompetent, a guardian is appointed. N.C. Gen. Stat. § 35A-1120 (2001). The guardian is to help the incompetent individual exercise their rights, including the management of their property and personal affairs, and to replace the individual's authority to make decisions when the individual does not have adequate capacity to make those decisions. N.C. Gen. Stat. § 35A-1201(a) (2001). As the guardian helps the individual exercise their rights and makes decisions that the individual would otherwise make, a guardian is essential only while the individual is still alive. After the individual dies, there is no longer a need for a guardian to help the individual. Thus, the result that the petition seeks to accomplish is no longer necessary after a respondent dies.

This is a cause of action where granting the relief sought would be nugatory after the death of the respondent. We do not address the issue of whether there is an appeal of right from the denial of a petition to declare a person incompetent. *See* N.C. Gen. Stat. § 35A-1115. We conclude that a petition to declare a respondent incompetent does not survive the death of the respondent under N.C. Gen. Stat. § 28A-18-1. Thus, the appeal abated upon the 26 December 2002 death of the respondent. The appeal has become moot and is accordingly dismissed.

Appeal dismissed.

Judges McCULLOUGH and STEELMAN concur.