CHARLES DUNTON, Plaintiff v. ANGELA MICHELLE AYSCUE, Defendant

No. COA09-1242

(Filed 6 April 2010)

**1. Civil Procedure— two dismissal rule—defendant not served in either prior suit**

The trial court did not err by dismissing plaintiff's negligence complaint based on the "two dismissal" rule under N.C.G.S. § 1A-1, Rule 41(a)(1) despite defendant not being served in either of the two prior suits.

**2. Appeal and Error— preservation of issues—failure to cite authority**

Although plaintiff contends the trial court erred by dismissing his negligence complaint under N.C.G.S. § 1A-1, Rules 12(b)(1) and (12)(b)(6), his argument was abandoned based on his failure to cite authority as required by N.C. R. App. P. 28(b)(6). Further, plaintiff's arguments were simply a reprise of his contentions regarding the dismissal of the complaint under Rule 41(a)(1).

Appeal by plaintiff from order entered 18 May 2009 by Judge Shannon R. Joseph in Granville County Superior Court. Heard in the Court of Appeals 24 February 2010.

*Willie S. Darbie for plaintiff-appellant.*

*Law Office of Robert E. Ruegger, by Robert E. Ruegger, for defendant-appellee.*

HUNTER, Robert C., Judge.

Plaintiff Charles Dunton appeals from the trial court's order dismissing his complaint pursuant to the "two dismissal" rule under Rule

41(a)(1), as well as Rule 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure. Plaintiff primarily argues that the trial court erred in dismissing his complaint because defendant Angela Michelle Ayscue was never served in the two prior actions and thus the "two dismissal" rule should not operate as a bar to his current cause of action against defendant. We conclude, based on prior precedent and the plain language of Rule 41(a)(1), that the trial court properly dismissed plaintiff's current complaint.

Facts

Plaintiff filed a negligence action against defendant on 30 November 2007 (07 CVS 1281), alleging that on 31 March 2006 he suffered personal injuries as a result of a traffic accident caused by defendant. Plaintiff attempted to have defendant served by the sheriff's department at an address in Henderson, North Carolina. The sheriff's department, however, was unable to serve defendant as "[she] no longer live[d] at [the stated] address." Plaintiff filed a notice of voluntary dismissal without prejudice of his action (07 CVS 1281) on 27 March 2008.

Plaintiff subsequently filed a second complaint (08 CVS 681) on 13 June 2008, alleging the same cause of action against defendant, and attempted to have defendant served at another address in Henderson. The sheriff's department again was unable to serve defendant with process, noting that defendant had moved to an "unknown" address "somewhere between Warrenton and Littleton, NORTH CAROLINA." Plaintiff filed a notice of voluntary dismissal without prejudice of his second complaint (08 CVS 681) on 23 March 2009.

Approximately three minutes after taking a voluntary dismissal on 23 March 2009, plaintiff filed a third complaint (09 CVS 318), asserting the same cause of action. Defendant was served with the summons and complaint (09 CVS 318) on 25 March 2009. Defendant filed an answer on 7 May 2009, generally denying plaintiff's claim and moving to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), 12(b)(6), and Rule 41(a)(1). After conducting a hearing on defendant's motion to dismiss, the trial court entered an order on 18 May 2009 concluding that under Rule 41(a)(1), "two dismissals of the identical claim act as an adjudication on the merits and bar a third action[.]" Consequently, the court dismissed plaintiff's action (09 CVS 318). Plaintiff timely appealed to this Court.

I

**[1]** Plaintiff first argues that the trial court erred in dismissing his complaint pursuant to the "two dismissal" rule embodied in Rule 41, which provides in pertinent part: "[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim." N.C. R. Civ. P. 41(a)(1). "[I]n enacting the two dismissal provision of Rule 41(a)(1), the legislature intended that a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts." *Richardson v. McCracken Enterprises*, 126 N.C. App. 506, 509, 485 S.E.2d 844, 846, *disc. review denied as to additional issues*, 347 N.C. 269, 493 S.E.2d 745 (1997), *aff'd per curiam*, 347 N.C. 660, 496 S.E.2d 380 (1998). The "two dismissal" rule has two elements: (1) the plaintiff must have filed two notices to dismiss under Rule 41(a)(1) and (2) the second action must have been based on or included the same claim as the first action. *City of Raleigh v. College Campus Apartments, Inc.*, 94 N.C. App. 280, 282, 380 S.E.2d 163, 165 (1989), *aff'd per curiam*, 326 N.C. 360, 388 S.E.2d 768 (1990).

Here, plaintiff does not dispute that he filed two notices of dismissal under Rule 41(a)(1) with respect to his personal injury claim against defendant and that the second action (08 CVS 681) was identical to the first action (07 CVS 1281). Pursuant to the "two dismissal" rule, plaintiff is precluded from bringing "a third action based upon the same set of facts." *Richardson*, 126 N.C. App. at 509, 485 S.E.2d at 846. *See Graham v. Hardee's Food Systems*, 121 N.C. App. 382, 384, 465 S.E.2d 558, 560 (1996) ("Since plaintiff twice dismissed her claims against Rogers, this served as an adjudication in his favor upon the merits."). As our Supreme Court has held:

> It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter. When a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.

*Masters v. Dunstan*, 256 N.C. 520, 523-24, 124 S.E.2d 574, 576 (1962) (alterations, internal citations, and quotation marks omitted).

**DUNTON v. AYSCUE**

[203 N.C. App. 356 (2010)]

Plaintiff nevertheless argues that "his actions should be declared an exception to the 'two-dismissal rule' of Rule 41(a)(1) since Defendant/Appellee was never before the court in the first or second action and Plaintiff/Appellant did not engage in activity that Rule 41(a)(1) was designed to protect defendants from." The fact that defendant was never served in either the first or second action, however, is not dispositive as to the application of the "two dismissal" rule in this case. This Court has held that even when the trial court lacks personal jurisdiction over the defendant, Rule 41(a)(1) bars a third successive action involving the same claim:

> [A] voluntary dismissal is effective whether or not a court has [personal] jurisdiction. A plaintiff is free to abandon an alleged or potential claim against another party at any time. Moreover, a Rule 41(a)(1) notice of dismissal is an action taken by the plaintiff ending the suit, and no action of the court is necessary to give the notice its full effect.

*Carter v. Clowers*, 102 N.C. App. 247, 250-51, 401 S.E.2d 662, 664 (1991) (internal citations omitted) (emphasis omitted).

"A plaintiff may take a voluntary dismissal *at any time* prior to resting his or her case." *Brandenburg Land Co. v. Champion International Corp.*, 107 N.C. App. 102, 103, 418 S.E.2d 526, 527 (1992) (emphasis added). The "crucial element" is "the intention of the party actually to dismiss the case." *Robinson v. General Mills Restaurants*, 110 N.C. App. 633, 636, 430 S.E.2d 696, 698 (1993), *disc. review improvidently allowed*, 335 N.C. 763, 440 S.E.2d 274 (1994). Plaintiff does not argue on appeal that he did not intend to dismiss his two prior complaints when he filed the two respective notices of voluntary dismissal. We conclude, therefore, that the trial court did not err in dismissing plaintiff's third complaint based on the "two dismissal" rule despite defendant having not been served in either of the two prior suits. *See College Campus Apartments*, 94 N.C. App. at 284, 380 S.E.2d at 165-66 (holding that "two dismissal" rule operated as dismissal with prejudice of third complaint even though defendant in second and third suits was not same as defendant in first suit).

Plaintiff also argues that application of the "two dismissal" rule in this case would conflict with the legislative intent behind Rule 41(a)(1). The comment to Rule 41 indicates that the "two dismissal" rule is intended to prevent delays, harassment of the defendant by successive actions based on the same claim, and waste of judicial resources. N.C. R. Civ. P. 41 cmt.

The plain and unambiguous language of Rule 41(a)(1), however, does not require that a defendant be served in the prior two suits in order for the "two dismissal" rule to operate as a bar to a third successive suit based on the same claim. "If the General Assembly had intended to limit the rule's application to cases where the defendant was [served in the two prior suits], it could have done so. There is simply no basis for judicially adding a requirement the General Assembly intended to leave out when the statute is clear [and] unambiguous." *College Campus Apartments*, 94 N.C. App. at 284, 380 S.E.2d at 165-66.

## II

[2] Plaintiff also assigns error to the trial court's dismissing his complaint pursuant to Rule 12(b)(1) and 12(b)(6). In violation of Rule 28(b)(6) of the Rules of Appellate Procedure, plaintiff fails to cite any authority in support of his contentions. These assignments of error are, therefore, "taken as abandoned." N.C. R. App. P. 28(b)(6). In any event, review of plaintiff's arguments indicates that they are simply a reprise of his contentions that the trial court erred in dismissing his complaint pursuant to Rule 41(a)(1). As plaintiff fails to make any distinct argument for reversal under Rule 12(b), we conclude the trial court did not err in dismissing plaintiff's complaint.

Affirmed.

Judges CALABRIA and HUNTER, Robert N., Jr., concur.