ELMORE, Judge.
*424 Plaintiff appeals from an order entered 29 August 2014 by the North Carolina Industrial Commission (the Full Commission) granting defendant's motion for summary judgment. After careful consideration, we hold the Full Commission's decision was free from error.
I. Background
The unchallenged and binding facts of this case as found by the Full Commission are the following: On 20 July 2007, Leroy Gentry (plaintiff), *425 administrator of the estate of Clifton Gentry (the decedent), filed a complaint (the first action) in Wayne County Superior Court against defendants "Arturo Pizano, Individually and as Onslow County Deputy Sheriff, North Carolina Department of Health and Human Services, Sheriff Ed Brown, Onslow Co., and Jim Osberg[.]" The first action alleged a cause of action for negligence (wrongful death) against the named defendants arising from an incident on 22 July 2005. On that date, according to the first action, Deputy Sheriff Arturo Pizano transported the decedent to Cherry Hospital for the purpose of having the decedent involuntarily committed. When Deputy Pizano brought the decedent inside the hospital, the decedent grabbed a firearm from Deputy Pizano's person and used the firearm to shoot a hospital employee. The decedent subsequently shot himself with the firearm, resulting in his death. On 25 October 2007, plaintiff filed a notice of voluntary dismissal without prejudice of the first action pursuant to North Carolina Civil Procedure Rule 41(a)(1).
On 20 July 2007, plaintiff also filed a state tort claim (the second action) with the North Carolina Industrial Commission, captioned "Leroy Gentry, Administrator for the Estate of Clifton Nakaya Larone Gentry (Onslow County Estate 07 E 372) v. North Carolina Department of Health and Human Services, Cherry Hospital [.]" Plaintiff alleged that the North Carolina Department of Health and Human Services (NCDHHS), Cherry Hospital (defendant) was liable due to the alleged negligent acts of "Mark Van Sciver and directors and administrators of Cherry Hospital and Dr. Jim Osberg, Hospital Director," based on the same 22 July 2005 incident. Plaintiff filed a voluntary dismissal of the second action without prejudice on 2 July 2010.
Plaintiff filed another state tort claim (the third action) with the North Carolina Industrial Commission on 1 July 2011 alleging that defendant NCDHHS/Cherry Hospital was liable due to the alleged negligent conduct of "William Denning & Director of Cherry Hospital, Jim Osberg"[1] stemming from the same 22 July 2005 incident. Defendant, in relevant part, filed a motion for summary judgment arguing that plaintiff's third action should be dismissed with prejudice in light of the "two dismissal" rule expressed in North Carolina Civil Procedure Rule 41(a)(1).
*426 On 17 January 2014, Deputy Commissioner Stephen T. Gheen filed a decision and order granting defendant's motion for summary judgment and dismissing the third action with prejudice. Plaintiff appealed the Deputy Commissioner's order to the Full Commission. In an order entered 29 August 2014, the Full Commission affirmed the Deputy Commissioner's decision, granting defendant's motion for summary judgment based on the "two dismissal" rule and dismissing plaintiff's third action with prejudice.
II. Analysis
a.) Standard of Review
"Our standard of review of an appeal from summary judgment is de novo; such judgment *880 is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and internal quotation marks omitted). "Unchallenged findings of fact are presumed correct and are binding on appeal." In re Schiphof, 192 N.C.App. 696, 700, 666 S.E.2d 497, 500 (2008) (citation omitted).
b.) Two Dismissal Rule
Plaintiff argues the trial court erred by granting defendant's motion for summary judgment based on the "two dismissal" rule. We disagree.
N.C. Gen.Stat. § 1A-1, Rule 41(a)(1) provides:
(1) By Plaintiff; by Stipulation.-Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one *427 year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.
N.C. Gen.Stat. § 1A-1, Rule 41(a)(1) (2013) (emphasis added). For the purpose of hearing tort claims against State Agencies, the North Carolina Industrial Commission is "constituted a court" charged with determining:
whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.
N.C. Gen.Stat. § 143-291(a) (2013).
In order for the "two dismissal" rule to apply, "(1) the plaintiff must have filed two notices to dismiss under Rule 41(a)(1) and (2) the second action must have been based on or included the same claim as the first action." Dunton v. Ayscue, 203 N.C.App. 356, 358, 690 S.E.2d 752, 753 (2010) (citation omitted). In articulating the second prong of the "two dismissal" rule test, it is clear that the claims in the dismissed actions need not be identical to the claims in the third action: "a second dismissal of an action asserting claims based upon the same transaction or occurrence as a previously dismissed action would operate as an adjudication on the merits and bar a third action based upon the same set of facts." Id. (citation and quotation marks omitted).
Our determination of whether claims are based upon the same transaction or occurrence require us to assess "(1) whether the issues of fact and law raised by the claim[s] ... are largely the same; (2) whether substantially the same evidence bears on both claims; and (3) whether any logical relationship exists between the two claims." Holloway v. Holloway, 221 N.C.App. 156, 159, 726 S.E.2d 198, 201 (2012) (citations and quotation marks omitted).
Here, it is undisputed that plaintiff filed two notices to dismiss his first and second actions under Rule 41(a)(1) and voluntarily dismissed those actions. Plaintiff only argues that the "two dismissal" rule does not apply because the third action, for the first time, alleged the negligence of hospital employee William Denning by "allowing [decedent] to be free of any restraints" when plaintiff was admitted to the hospital. Thus, plaintiff argues this specific claim has not been previously dismissed twice. Plaintiff's argument is without merit. The case law *881 cited *428 above makes clear that the "two dismissal" rule can apply to actions with claims arising from the same transaction or occurrence against different defendants.
The first action claimed damages for the wrongful death of the decedent, including: burial expenses, medical expenses, pain and suffering, income of decedent, services, protection, care, assistance, society, companionship, comfort, guidance, kindly offices and advice of the decedent against NCDHHS due to the negligent conduct of its employees, including Jim Osberg, stemming from the 22 July 2005 incident whereby the decedent grabbed a firearm from Deputy Pizano's person and used the firearm to shoot a hospital employee and himself.
The second action claimed damages for the wrongful death of the decedent, burial expenses, medical expenses, pain and suffering, income of decedent, services, protection, care, assistance, society, companionship, comfort, guidance, kindly offices and advice against defendant NCDHHS due to the negligent conduct of its employees, including Mark Van Sciver, directors and administrators of the hospital, and Jim Osberg. Plaintiff alleged the injury occurred in the following manner: "[t]he Plaintiff's decedent, Clifton Gentry, was being involuntarily committed to Cherry Hospital in the custody of Onslow County Deputy Arturo Pizano. Once he was inside of Cherry Hospital with Deputy Pizano, he took the Deputy's gun from him, shooting William Denning before taking his own life with the gun."
The third action claimed damages for medical bills, personal injuries, pain and suffering, and wrongful death of the decedent against NCDHHS based on the negligent conduct of its employees, including William Denning and Jim Osberg. Plaintiff alleged the injury occurred in the following manner:
The Plaintiff's decedent was being admitted to Cherry Hospital when William Denning took custody of Plaintiff's decedent, allowing him to be free of any restraints. Plaintiff's decedent then took the Sheriff's Deputy's sidearm and committed suicide. The firearm should not have been allowed inside of Cherry Hospital, as there is no therapeutic purpose for a firearm and firearms should not be allowed inside of Cherry Hospital under any circumstances.
Thus, it is clear that all three actions raise essentially the same issues of fact and law, substantially the same evidence bears on all actions, and a logical relationship between each of the actions exist. As such, all *429 three actions were based upon the same transaction or occurrence, and thus, the "two dismissal" rule applies.
Plaintiff relies on Wirth v. Bracey to support his argument that "plaintiff's cause of action in the Industrial Commission as to Employee William Denning['s] negligence is not the same as the cause of action as that filed in Superior Court." We believe plaintiff's reliance on Wirth is inapposite. The issue in Wirth was whether plaintiffs' claim to recover damages for injuries against the North Carolina Highway Commission, based on the negligent conduct of the defendant-employee, constituted "another action pending between the same parties for the same cause" for abatement purposes when plaintiffs had previously filed a Superior Court action for negligence against the defendant-employee individually. Wirth v. Bracey, 258 N.C. 505, 507, 128 S.E.2d 810, 812 (1963). Our Supreme Court held that the two actions were distinct and separate causes of action. Id. Wirth is clearly distinguishable as that case did not involve the application of the "two dismissal" rule and involved separate causes of actions against a State agency and its employee individually. Id. at 507-08, 128 S.E.2d at 812-13. The case at bar, however, involves three actions against NCDHHS, not its employees in their individual capacities.
Instead, we find Richardson v. McCracken Enterprises, 126 N.C.App. 506, 507, 485 S.E.2d 844, 845 (1997) to be instructive. In that case, plaintiffs filed a complaint against defendant alleging "that on a number of occasions, beginning on or about 18 August 1989, defendant[ ] discharged diesel fuel and fuel oil on defendant's property, causing injury to plaintiffs when it ran onto their adjoining property, causing contamination of both water and soil." Id. The complaint alleged claims for trespass, strict liability, negligence, and punitive damages. Id. Plaintiffs filed a second complaint based on the same *882 facts and alleged a single claim for nuisance. Id. Plaintiffs then dismissed the first two actions and filed a third suit, alleging all of the previous claims asserted in the first two actions. Id. This Court rejected plaintiffs' argument that a "strict 'same claim' test applies" and held that the first two claims were "based upon the same core of operative facts relating to the contamination of plaintiffs' property, and all of the claims could have been asserted in the same cause of action." Id. at 508, 509, 485 S.E.2d at 846-47. Thus, we ruled that the "two dismissal" rule barred plaintiffs' third action. Id. at 509, 485 S.E.2d at 847.
Similarly, all three of the actions in this case alleged damages based on the negligent conduct of numerous employees of NCDHHS stemming from the 22 July 2005 incident in which the decedent: was admitted to *430 the hospital, grabbed Deputy Pizano's gun, and shot a hospital employee and himself. We cannot view the third action so narrowly and rule that it stemmed from a different transaction or occurrence.
III. Conclusion
Accordingly, the Full Commission did not err by dismissing plaintiff's third action based on the "two dismissal" rule and by granting defendant's motion for summary judgment.
AFFIRMED.
Judges CALABRIA and DILLON concur.

We note that plaintiff's first affidavit filed with the Industrial Commission refers to "William Denning" and "Jim Osberg" while plaintiff's second affidavit refers to "William Dennings" and "Jim Ogden." It appears to the Court that "William Denning" and "Jim Osberg" are the intended individuals, and all references throughout this opinion are listed as such.