McCULLOUGH, Judge.
*138 Bryan C. Thompson (appellant) appeals from an order entered in the incompetency proceedings of Mary Ellen Brannon Thompson (respondent) following respondent's death. For the following reasons, we vacate the orders entered after respondent's death.
*396 I. Background
The history of this case includes a prior appeal to this Court which set out the background of this case up to that appeal. See In re Thompson , 232 N.C.App. 224, 754 S.E.2d 168 (2014). Those facts are as follows:
*139 On 4 April 2007, a Petition for Adjudication of Incompetence and Application for Appointment of Guardian or Limited Guardian was filed by Leslie Poe Parker [ (petitioner) ] in Forsyth County Superior Court. The petition alleged that respondent lacked the capacity to manage her own affairs or to make important decisions concerning her "person, family [sic] or property[.]" The same day, a notice of "Hearing on Incompetence and Order Appointing Guardian Ad Litem" was filed. A hearing was conducted on 26 April 2007 by Theresa Hinshaw, assistant clerk of Forsyth County Superior Court (clerk Hinshaw). Numerous individuals were present at the hearing, including [Calvin Brannon (Brannon) ], who is the brother of respondent. After the hearing, clerk Hinshaw announced in open court that she found respondent to be incompetent, and she orally appointed [appellant] as guardian of the estate. On 3 May 2007, clerk Hinshaw signed and dated an order (incompetency order) finding "by clear, cogent, and convincing evidence that the respondent [was] incompetent." Additionally, clerk Hinshaw signed and dated an order authorizing issuance of letters appointing [appellant] guardian of the estate.
Thereafter, [Brannon] filed a "Petition for Removal of Guardianship of the Person" and a "Motion to Set Aside the Adjudication of Incompetence Order and Ask For a Rehearing[.]" Lawrence G. Gordon, Jr., Forsyth County Superior Court Clerk (clerk Gordon), signed and dated an order on 8 December 2009 denying the motions and concluded that the matters were time barred because appellant failed to timely appeal clerk Hinshaw's incompetency order. [Brannon] then appealed clerk Gordon's order to superior court. In an order entered 6 April 2010, Forsyth County Superior Court Judge James M. Webb (Judge Webb) dismissed both motions with prejudice.
On 27 March 2012, [Brannon] filed four motions giving rise to [the first] appeal. These motions were:
(a) for relief in the cause from a guardianship granted to [appellant] dated May 1, 2007;
(b) to declare that [petitioner] did not have the capacity to represent respondent in the filings of motions and petitions on April 4, 2007;
*140 (c) to declare that [appellant] was not appointed the guardian of respondent after an adjudication of incompetence under G.S. 35A[-]1112(e) and G.S. 35A-1120 [;]
(d) to declare [appellant's] act of filing a voluntary bankruptcy petition under 11 U.S.C. 301 as a state court guardian of the estate of respondent invalid.
These motions were heard before Susan Frye (clerk Frye), Forsyth Superior Court Clerk, and she entered an order on 4 May 2012 denying [Brannon's] motions. She also granted [appellant's] motion for sanctions. In her order, clerk Frye denied motions (a), (b), and (c) because clerk Gordon and Judge Webb had previously "clearly ruled" on [Brannon's] motions, "no appeals were ever entered[,]" "no new evidence was presented[,]" and "[t]he pleadings filed ... [were] repetitious[.]" Clerk Frye declined to rule on motion (d) because she "[did] not have jurisdiction to hear this matter as the jurisdiction is presently under the Federal Bankruptcy Court." [Brannon] appealed clerk Frye's order to Forsyth County Superior Court. For the same reasons decreed by clerk Frye, Judge [Anderson D.] Cromer [ (Judge Cromer) ] entered an order on 20 November 2012 denying and dismissing with prejudice [Brannon's] motions (a), (b), and (c). Judge Cromer denied [Brannon's] motion (d) with prejudice because it was "baseless." He also granted [appellant's] motion for sanctions.
Id . at 225-26, 754 S.E.2d at 169-70. Brannon appealed the superior court order to this Court on 14 December 2012.
This Court heard the appeal on 20 November 2013 and issued its opinion on 4 February *397 2014 reversing and remanding to the superior court. In re Thompson , 232 N.C.App. 224, 754 S.E.2d 168 (2014). This Court agreed with Brannon's argument that "the incompetency order was invalid because judgment was never entered, and therefore the trial court erred in concluding that the incompetency order was the law of the case." Id . at 226, 754 S.E.2d at 170. Specifically, this Court held that the incompetency order was invalid because, although reduced to writing and signed, there was nothing in the record to indicate the order was filed with the clerk of court as required by N.C. Gen. Stat. § 1A-1, Rule 58, and therefore it was not entered. Id . at 228, 754 S.E.2d at 171. "Accordingly, the time period to file notice of appeal of clerk Hinshaw's order has not yet commenced. Furthermore, because clerk Hinshaw's *141 incompetency order is effective only after its entry, the order cannot be the law of the case." Id . (internal citation omitted). This Court then held that because the incompetency order was never entered, clerk Hinshaw had no jurisdiction to appoint Thompson as guardian of the estate because "[o]nly once the order is entered shall 'a guardian or guardians ... be appointed[.]' " Id . at 228-29, 754 S.E.2d at 172 (quoting N.C. Gen. Stat. § 35A-1120 ). The sanctions on Brannon were also reversed. Id . at 232, 754 S.E.2d at 174.
After further remand of the matter to the clerk of superior court, Brannon filed a motion and supporting affidavit seeking an order that appellant's actions on behalf of the estate were without legal authority and to prevent appellant from taking further action on behalf of the estate. Brannon also asserted allegations of fraud by Thompson and the clerk's office, specifically clerk Hinshaw and clerk Frye.
A notice of hearing to be held on 10 April 2014 "to address the issuance of orders of incompetency and appointment of guardians" was filed on 3 April 2014 by clerk Frye. A guardian ad litem was appointed to represent respondent on 8 April 2014. On 8 April 2014, appellant filed a motion for continuance and a motion for the recusal of clerk Frye. Prior to the scheduled hearing, on 9 April 2014, clerk Frye entered an order (the Frye Order) that ordered as follows:
1. Order On Petition For Adjudication of Incompetence, dated and originally signed May 3, 2007, and attached hereto is entered nunc pro tunc effective May 3, 2007.
2. Order On Application for Appointment of Guardian [o]f [t]he Person, Joe Raymond, Director for the Forsyth County Department of Social Services dated and originally signed May 3, 2007, and attached hereto is entered nunc pro tunc effective May 3, 2007.
3. Order Authorizing Issuance of Letters To Bryan C. Thompson, dated and originally signed May 1, 2007, and attached hereto is entered nunc pro tunc effective May 3, 2007.
On the same day, petitioner filed a notice of voluntary dismissal. The notice of voluntary dismissal, however, was filed after the Frye Order. In an affidavit filed by petitioner on 15 April 2014, petitioner averred that she attempted to file the notice earlier but it was initially refused by the clerk's office. Petitioner contends the clerk's office refused her notice so that clerk Frye could file the Frye Order before the notice.
*142 On 21 April 2014, Brannon filed two separate notices of appeal and requests for stay-the first from the Frye Order and the second from the individual orders that the Frye Order entered nunc pro tunc . Brannon's appeal came on for hearing in Forsyth County before the Honorable William Z. Wood, Jr. (Judge Wood), on 18 August 2014. After the hearing, but before Judge Wood entered a written order, respondent died on 2 October 2014. Judge Wood then entered a written order (the Wood Order) on 24 October 2014. In the Wood Order, Judge Wood found procedural deficiencies in the Frye Order and in Brannon's notices of appeal and requests for stay. Consequently, Judge Wood ordered that "the matter should be remanded to the Clerk of Superior Court to hear evidence and to make appropriate findings as to [respondent's] medical state, both now and if possible, from the medical records as they presently exist in April, 2007."
In a memo to clerk Frye dated 14 November 2014 and filed 17 November 2014, Brannon *398 asserted there was no basis for any further hearings in the matter because guardianship terminated upon the death of respondent. Without mention of Brannon's memo, on 20 November 2014, clerk Frye ordered that Rockingham County Clerk of Superior Court J. Mark Pegram (clerk Pegram) conduct the hearing ordered by Judge Wood in Forsyth County Superior Court on 18 December 2014. Notice of the hearing was given and a guardian ad litem appointed. An amended notice of hearing and order for hearing signed by both clerk Frye and Judge Wood were entered prior to the matter coming on for hearing before clerk Pegram on 18 December 2014. During the hearing, clerk Pegram heard testimony of what witnesses recalled from the 26 April 2007 incompetency hearing. Based on the testimony, clerk Pegram entered an order on 5 February 2015 (the Pegram Order) in which he concluded "that as of April 26, 2007, [respondent], was in fact incompetent."
Brannon filed notice of appeal from the Pegram Order on 12 February 2015 and the appeal came on for hearing in Forsyth County Superior Court before the Honorable Patrice A. Hinnant (Judge Hinnant) on 19 March 2015. On 20 April 2015, Judge Hinnant entered an order (the Hinnant Order) that the Pegram Order "is stricken and has no force or effect[ ]" and, "[a]s a result of the abatement and lack of a filed stamped order of incompetence, the matter remains at the status determined by the Court of Appeals in its Opinion dated February 4, 2014, and all matters before the Court are dismissed." The Hinnant Order was based on the following findings:
1. All parties stipulated in open Court that Mary Ellen Brannon Thompson died on October 2, 2014;
*143 2. On February 4, 2014, the North Carolina Court of Appeals Opinion was entered in this matter wherein the Court of Appeals decision determined that the Order of Incompetency dated May 3, 2007 was not effective or enforceable because it was never entered and therefore it could not be the law of the case. (See COA Feb 4, 2014 Opinion pp 8-9);
3. On April 9, 2015, the Honorable Susan Frye entered an Order that was subsequently overturned on appeal in a hearing on August 18, 2014, by the Honorable William Z. Wood, Jr.;
4. Judge Wood announced his decision in open court on the record and it was entered on October 24, 2014;
5. As stipulated above, Mary Ellen Brannon Thompson died on October 2, 2014;
6. This matter abated on October 2, 2014;
7. The Order pertaining to this matter entered on February 5, 2015 by the Honorable J. Mark Pegram, Rockingham County Clerk of Superior Court, is moot pursuant to N.C. Gen. Stat. Section 35A-1295 which states: (a) Every guardianship shall be terminated and all powers and duties of the guardian provided in Article 9 of this Chapter shall cease when the ward: (3) Dies. (See also: In re Higgins 160 N.C.App. 704, 587 S.E.2d 77 (2003) ).
8. In accordance with the Court of Appeals February 4, 2014 decision, the May 3, 2007 Order of Incompetency is not the law of the case because it was not entered pursuant to the Court of Appeals decision or prior to the matter abating on October 2, 2014.
Following the entry of the Hinnant Order, on 21 April 2015, Brannon filed a "Notice of Claim on Bond for Bryan Thompson" with the clerk's office. The notice asserted that appellant "was never authorized to act as guardian of [respondent's] estate[,]" notified the clerk's office that the estate was seeking payment for the unbonded balance of the estate, and indicated the estate was willing to discuss resolution prior to suit.
On 20 May 2015, appellant filed notice of appeal from the Hinnant Order.
*144 II. Discussion
Now on appeal, appellant challenges the orders entered after respondent died on 2 October 2014. Specifically, appellant argues that the trial court lacked subject matter jurisdiction to enter the Hinnant Order, and any other substantive orders, after respondent's *399 death because the matter abated upon respondent's death on 2 October 2014. We agree and note that even the Hinnant Order, whether or not proper, ordered the Pegram Order "stricken" based on findings that the Pegram Order, entered 5 February 2015, was moot because the matter abated on 2 October 2014. In the Hinnant Order, the trial court cited N.C. Gen. Stat. § 35A-1295, which provides, in pertinent part, that "[e]very guardianship shall be terminated and all powers and duties of the guardian provided in Article 9 of this Chapter shall cease when the ward ... [d]ies." N.C. Gen. Stat. § 35A-1295 (2015).
In addition to the mandate in N.C. Gen. Stat. § 35A-1295, this Court has addressed the abatement of incompetency proceedings in both In re Higgins , 160 N.C.App. 704, 587 S.E.2d 77 (2003), and In re Nebenzahl , 193 N.C.App. 752, 671 S.E.2d 71 (2008) (unpublished), available at 2008 WL 4911269.
In Higgins , the petitioner sought to have the respondent, her brother, declared incompetent. 160 N.C.App. at 705, 587 S.E.2d at 77. The petition for adjudication of incompetence, however, was dismissed by both the clerk and the superior court and the petitioner appealed to this Court. Id . Yet, during the pendency of the appeal, the respondent died. Id . at 706, 587 S.E.2d at 78. Instead of addressing the petitioner's arguments, this Court found "the dispositive issue [was] whether, when the trial court dismisses a petition for adjudication of incompetence, the action abates upon the death of the respondent during the pendency of the petitioner's appeal." Id . We held that the action did not survive. Id . In so holding, this Court first noted that " '[n]o action abates by reason of the death of a party while an appeal may be taken or is pending, if the cause of action survives.' " Id . (quoting N.C. R. App. P. 38(a) ). This Court then looked to N.C. Gen. Stat. § 28A-18-1 to determine whether the cause of action survived the respondent's death. Id . That statute, which remains the same in all material respects, now provides as follows:
(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate.
*145 (b) The following rights of action in favor of a decedent do not survive:
(1) Causes of action for libel and for slander, except slander of title;
(2) Causes of action for false imprisonment;
(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.
N.C. Gen. Stat. § 28A-18-1 (2015). After deciding the third exception in subsection (b) was the only applicable exception, this Court looked to the purpose of incompetency proceedings to determine whether the relief could not be enjoyed, or granting it would be nugatory after death. Higgins , 160 N.C.App. at 706-707, 587 S.E.2d at 78. Recognizing that the purpose of incompetency proceedings is to adjudicate an individual incompetent and to appoint a guardian to help the incompetent individual exercise their rights, this Court determined "the result that the petition seeks to accomplish is no longer necessary after a respondent dies." Id . at 707, 587 S.E.2d at 79. Thus, this Court held "a petition to declare a respondent incompetent does not survive the death of the respondent under N.C. Gen. Stat. § 28A-18-1. Thus, the appeal [in Higgins ] abated upon the ... death of the respondent ... [and] has become moot and [was] accordingly dismissed." Id .
Similarly, in Nebenzahl , the petitioner sought to have the respondent, her husband, declared incompetent. 2008 WL 4911269, at *1. After the respondent's son's motion to dismiss the petition was stricken by the clerk, the respondent was determined to be incompetent. Id . The son's appeal to superior court was dismissed and the son appealed again to this Court. Id . Yet, the respondent died during the pendency of the appeal. Id . In dismissing the appeal as moot, this court relied on Higgins , but also addressed the *400 son's argument "that either (1) vacating the order adjudicating [the r]espondent incompetent and appointing [the p]etitioner as guardian or (2) reversing the order dismissing [the son's] appeal would render the appointment of the guardian void ab initio , as if the guardianship never existed[,]" and "would subject any action taken by [the p]etitioner while acting as [the r]espondent's guardian to legal challenge." Id . at *3. This Court, however, found no support for the son's arguments and "conclude[d], as [it] held in Higgins , that [the son's] appeal of the order adjudicating [the r]espondent incompetent abated with [the r]espondent's death." Id . at *3. Although Nebenzahl is unpublished, we find it persuasive in the present case where it appears *146 respondent's estate seeks to recover for the actions of appellant while acting as guardian of the estate.
What is clear from the holdings of Higgins and Nebenzahl is that the incompetency proceedings abate upon the death of respondent because the proceedings no longer serve the purpose of protecting respondent's rights and are moot. See Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dept. of Health and Human Servs. , --- N.C.App. ----, ----, 776 S.E.2d 329, 333 (2015) ("A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (internal quotation marks and citation omitted). Thus, in the present case, the incompetency proceedings abated upon respondent's death on 2 October 2015 when the matter became moot. The trial court did not retain subject matter jurisdiction over the moot proceedings after that time. See Id . ("[A] moot claim is not justiciable, and a trial court does not have subject matter jurisdiction over a non-justiciable claim[.] Moreover, [i]f the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action for lack of subject matter jurisdiction.") (internal quotation marks and citations omitted).
The last order entered before respondent died and the matter abated was the Frye Order entered 9 April 2014. Although the hearing before Judge Wood occurred prior to respondent's death, applying this Court's analysis from the prior appeal in this case, it is clear the Wood Order was not entered until it was signed, dated, and filed with the clerk on 24 October 2014, after the matter abated. Thompson , 232 N.C.App. at 228, 754 S.E.2d at 171 (discussing the requirements of N.C. Gen. Stat. § 1A-1, Rule 58 ). Because the trial court lacked jurisdiction following the abatement of the incompetency proceedings, all orders entered after respondent's death-the Wood Order, the Pegram Order, and the Hinnant Order-are invalid and of no consequence.
Brannon does not argue that the matter did not abate, or that the trial court had jurisdiction, in response to appellant's argument that the trial court lacked jurisdiction to enter orders in the incompetency proceedings following respondent's death. Instead, Brannon asserts that this Court lacks subject matter jurisdiction and the appeal should be dismissed because appellant lacks standing to challenge the Hinnant Order. See Neuse River Found., Inc. v. Smithfield Foods, Inc. , 155 N.C.App. 110, 113, 574 S.E.2d 48, 51 (2002) ("Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction.") (internal quotation marks and citation omitted). Brannon contends appellant lacks standing because this Court's 4 February 2014 opinion in the prior *147 appeal in this case determined that appellant's appointment as guardian of the estate was without legal authority because the incompetency order dated 3 May 2007 was never entered and, therefore, not the law of the case.
Brannon's initial argument, however, ignores the Frye Order that re-entered the incompetency and guardianship orders nunc pro tunc 3 May 2007 after this Court's 4 February 2014 opinion. This is because Brannon further asserts that the Frye Order is invalid ab initio . In support of his assertion, Brannon alleges the clerk's office acted with bias and in dereliction of its duties to perpetuate fraud. However, Brannon's allegations of fraud were not litigated below and will not be decided for the first time on appeal.
Both parties recognize that the trial court has the inherent authority to correct clerical errors in the record to make it "speak the truth."
*401 State v. Dixon , 139 N.C.App. 332, 337-38, 533 S.E.2d 297, 302 (2000). Furthermore, both parties include the following statement of the law, verbatim, in their appellate briefs:
In any case where a judgment has been actually rendered, or decree signed, but not entered on the record, in consequence of accident or mistake or the neglect of the clerk, the court has power to order that the judgment be entered nunc pro tunc , provided the fact of its rendition is satisfactorily established and no intervening rights are prejudiced. State v. Trust Co. v. Toms , 244 N.C. 645, 650, 94 S.E.2d 806, 810 (1956) (internal citations omitted); Elmore v. Elmore , 67 N.C.App. 661, 665, 313 S.E.2d 904, 908 (1984) ; In re Watson , 70 N.C.App. 120, 318 S.E.2d 544 (1984) (describing Clerk's authority under G.S. § 7A-103(9) as a "broad grant" of power which necessarily includes entry of orders nunc pro tunc .).
Brannon, however, contends that the error in the case is legal in nature and not clerical because this Court previously held the incompetency order dated 3 May 2007 was not the law of the case and, therefore, the clerk lacked jurisdiction to appoint appellant as guardian of the estate.
While Brannon is correct that we held the clerk lacked jurisdiction to appoint appellant as guardian of the estate, Thompson , 232 N.C.App. at 228-29, 754 S.E.2d at 172, that determination was solely the result of this Court's holding that the incompetency order was not the law of the case. But this Court's decision that the incompetency order was not the law of the case was based solely on the fact that the incompetency *148 order was never filed and, therefore, never properly entered. Id . at 228, 754 S.E.2d at 171. We hold that failing to properly enter the incompetency order is a clerical error that the clerk has the authority to correct, nunc pro tunc . Thus, the clerk did not err, or act contrary to this Court's 4 February 2014 opinion, when it entered the Frye Order on 9 April 2014. See In re English , 83 N.C.App. 359, 363, 350 S.E.2d 379, 382 (1986) ("[T]he [c]lerk is authorized by statute to [o]pen, vacate, modify, set aside, or enter as of a former time, decrees or orders of his court. This broad grant includes the power to correct orders entered erroneously, whenever the [c]lerk's attention is directed to the error by motion or by other means .") (internal quotation marks and citations omitted). Once the incompetency order is properly filed and entered, jurisdiction to appoint a guardian certainly follows.
Because the Frye Order re-entered the incompetency and guardianship orders, appellant was guardian of the estate and had standing to appeal the Hinnant Order.
Appellant also raises substantive issues with the Hinnant Order on appeal. Yet, because we have held that the Hinnant Order is invalid because the matter abated upon respondent's death, we need not address the merits of appellant's other arguments. We simply take this opportunity to reiterate that the Wood Order, the Pegram Order, and the Hinnant Order were all entered after the incompetency proceedings became moot and abated. Consequently, the trial court lacked jurisdiction to enter the orders and the orders must be vacated.
III. Conclusion
For the reasons discussed above, all orders entered after the matter abated upon the death of respondent on 2 October 2014 are vacated. The last valid order is the Frye Order, which entered the incompetency and guardianship orders, nunc pro tunc 3 May 2007, on 9 April 2014.
VACATED.
Judges STEPHENS and ZACHARY concur.